THE STATE OF OHIO, APPELLEE, *v.* PLESS, APPELLANT.

[Cite as *State v. Pless* (1996), 74 Ohio St.3d 333.]

(No. 94–2526—Submitted October 24, 1995—Decided January 17, 1996.)

336

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Carmen Marino,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Kathleen A. McGarry,* Assistant Public Defender, and *David Doughten,* for appellant.

Douglas, J. Appellant advances twenty propositions of law for our consideration. In his first proposition of law, appellant contends that the three-judge panel had no jurisdiction to conduct the trial because appellant's written waiver of the right to trial by jury was never filed with the trial court and made part of the record in the case. We agree, and find this issue to be dispositive of this appeal.

R.C. 2945.05 provides that:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. *Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.* * * *" (Emphasis added.)

The requirements of R.C. 2945.05 are clear and unambiguous. The statute requires that in order to effectuate a valid waiver of the right to trial by jury, the defendant in a criminal action must sign a written waiver, *and the waiver must be filed and made a part of the record in the criminal case.* In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. See *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, and *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563.

In *Tate, supra,* Elbert Tate was charged with a second degree misdemeanor offense, entered a plea of "not guilty," and filed a written demand for a jury trial. Tate never executed a written waiver of his right to trial by jury. However, the

trial court tried and convicted Tate without a jury. On appeal, the court of appeals affirmed the judgment of the trial court. On further appeal, this court reversed the judgment of the court of appeals and remanded the cause to the trial court for a new trial. In *Tate, supra,* syllabus, we held that "[w]here a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing *in the manner provided by R.C. 2945.05,* in order for the trial court to have jurisdiction to try the defendant without a jury." (Emphasis added.)

In *Dallman, supra,* Theodore R. Jackson, Jr., was tried before a judge and was convicted of a felony offense. Following the bench trial, Jackson filed a petition for a writ of habeas corpus in the court of appeals, alleging that the trial court had lacked jurisdiction to try him without a jury. In the petition, Jackson claimed, among other things, that he had never signed a waiver of his right to a jury trial. However, the evidence before the court of appeals clearly indicated that Jackson had signed a written waiver form, but that the written waiver had never been filed and made part of the record in the criminal case. The court of appeals denied the writ, finding that the trial court had complied with R.C. 2945.05.

In *Dallman,* we reversed the judgment of the court of appeals and issued the writ of habeas corpus, holding that since the waiver form was not part of the record in the criminal case, "the common pleas court did not comply with R.C. 2945.05, and it lacked jurisdiction to subsequently try and convict Jackson." *Id.,* 70 Ohio St.3d at 262, 638 N.E.2d at 565. In *Dallman,* we emphasized the importance of compliance with R.C. 2945.05, stating that "[t]here must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury." *Id.*

Recently, in *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, this court limited the holdings of *Tate* and *Dallman.* In *Larkins,* Ronald Larkins appeared in open court and signed a written waiver of his right to trial by jury. The signed waiver form was placed in the trial court's case file, but was not filed of record with the clerk of courts. Following a bench trial, Larkins was convicted of aggravated murder, aggravated robbery, and attempted murder. Thereafter, Larkins filed a petition for habeas corpus in the court of appeals. The court of appeals granted the writ, finding that the trial court had failed to strictly comply with R.C. 2945.05, since there was no evidence that Larkins's written waiver form had ever been formally filed and made a part of the record in the criminal case.

In *Larkins, supra,* we reversed the judgment of the court of appeals, holding that "a writ of habeas corpus will not lie where a criminal defendant has waived his right to a jury trial by executing a written waiver, where the waiver is handed to the trial judge *and placed in the court's case file,* but is not file stamped." (Emphasis added.) *Id.* at 659, 653 N.E.2d at 702. In *Larkins,* we found that the trial court's failure to strictly comply with R.C. 2945.05 did not amount to a jurisdictional defect under the "unique circumstances" of the case. *Id.* at 661, 653 N.E.2d at 703. Additionally, we held that Larkins was not entitled to extraordinary relief, since he could have raised the jury waiver issue on direct appeal from his convictions and sentences and, thus, had an adequate remedy at law. *Id.* at 660, 653 N.E.2d at 702. We distinguished *Tate* in *Larkins,* on the basis that *Tate* addressed the issue of compliance with R.C. 2945.05 only in the context of a direct appeal from a criminal conviction. *Id.* at 661, 653 N.E.2d at 703. We distinguished *Dallman* on the basis that Larkins's signed written waiver form had actually been placed in the trial court's case file. *Id.* Further, we limited *Tate* and *Dallman* to the extent that those decisions were inconsistent with our holding in *Larkins.* *Id.*

Although *Larkins* seemingly created an exception to the rule that failure to strictly comply with R.C. 2945.05 deprives a court of jurisdiction to try a criminal defendant without a jury, *the sole proposition for which Larkins stands is that a violation of R.C. 2945.05 is not the proper subject for habeas corpus relief.* Moreover, the "unique circumstances" of *Larkins* are not present in the case at bar. First, *Larkins* is distinguishable on the basis that the case at bar involves a *direct appeal* from a criminal conviction. Second, the record before us contains no evidence that appellant's signed jury waiver form was ever included in the trial court's case file. Here appellant voluntarily signed a written jury waiver form in open court and in the presence of his trial attorneys. The trial court issued an entry specifically acknowledging that appellant had, in fact, waived his right to trial by jury. However, we find that there was a failure to strictly comply with R.C. 2945.05, since there is no evidence that appellant's signed waiver form was ever filed and made part of the record in this case. Therefore, applying the rationale of *Tate* and *Dallman,* we are compelled to find that the three-judge panel had no jurisdiction to try and convict appellant on any of the charges alleged in the indictment.

We hold that in a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. Additionally, in an attempt to reconcile *Tate, Dallman* and *Larkins,* we hold that the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction.

We are aware that our decision today might not be well received. Appellant is a brutal killer and there is no question concerning his culpability in the slaying of Sherry Lockwood. However, the requirements of R.C. 2945.05 are clear and unambiguous, and we are constrained to enforce the statute as written. If we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a "substantial compliance" interpretation.

Accordingly, we reverse the judgment of the court of appeals, vacate the judgment of the three-judge panel, and remand this cause to the Court of Common Pleas of Cuyahoga County for a new trial. On remand, appellant has the right to a jury trial unless he waives that right and there is strict compliance with R.C. 2945.05.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur separately.

PFEIFER and COOK, JJ., dissent.

ALICE ROBIE RESNICK, J., concurring. I reluctantly concur in the majority's judgment and opinion. Because of the serious nature of the crimes committed in this case and the apparent overwhelming evidence that appellant voluntarily waived his right to a jury trial, I find it difficult to reverse the convictions on what appears to be a simple technicality. However, I believe we are compelled to reach such a result in this case. The statute is absolutely clear that certain steps must be completed in order to effectuate a defendant's waiver of the right to a jury trial. The waiver must be (1) in writing, (2) signed by the defendant, (3) filed in said cause, and (4) made a part of the record of the case. R.C. 2945.05. In the instant case, appellant seemingly executed and signed a written waiver, but the waiver was neither filed with the court nor made a part of the record of the case. The statute does not provide for *substantial compliance.* Because the statute is so clear, there can be no doubt the legislature intended that *all* four elements be completed before the jury trial waiver becomes valid.

In this case, the hearing transcript indicates that the defendant *at one time* clearly chose to waive his right to a jury trial, and that the trial judge was extremely scrupulous in ensuring that the defendant was aware of the consequences of his choice and that he had not been pressured to make that decision. However, no physical document exists to evidence the waiver. In this case, no abuse appears to have occurred, but if we were to allow anything less than strict

compliance with the statute, as the dissent would allow, abuses may occur. Moreover, appellant's attorneys, who did not represent him at trial, do not dispute that appellant waived his right to a jury trial. However, even in this case, we cannot be absolutely sure that, after the court had taken the signed waiver form from appellant and had written out the journal entry and after the court reporter had packed up and left, appellant did not change his mind and ask that the waiver form be destroyed or returned to him. A criminal defendant may withdraw the waiver of the right to a jury trial "at any time before the commencement of the trial." R.C. 2945.05.

In this day of overcrowded dockets and overworked clerks, shortcuts, once permitted, will be taken more and more as acceptable practice and without following the requirements that the General Assembly wrote into the law. In order to ensure that criminal defendants' constitutional rights are conclusively protected, the strict letter of the law must be followed. This protection is especially important in this case, a death penalty case, which concerns the right to a jury trial, a fundamental right guaranteed by the United States Constitution.

Accordingly, I respectfully concur with the majority's decision and opinion.

MOYER, C.J., DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur in the foregoing concurring opinion.

COOK, J., dissenting. I respectfully dissent from the decision of the majority to reverse appellant's convictions. This case is different from both the *Dallman* and *Tate* cases cited by the majority. In those cases, the trial court record did not affirmatively reflect, as it did in this case, that the defendants voluntarily waived the right to a jury trial. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563, 564, and *State v. Tate* (1979), 59 Ohio St.2d 50, 52–53, 13 O.O.3d 36, 37, 391 N.E.2d 738, 739.

Our recent decision in *Larkins* overruled *Dallman's* strict compliance limitation and controls the case at hand on the jurisdiction issue. *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 661, 653 N.E.2d 701, 703. Larkins based his challenge solely on the fact that, although his jury waiver form was physically located in the court file, the absence of a time-stamp thereon defeated the jurisdiction of the trial court to convict him without a jury. The majority in *Larkins* stated that "[t]he failure to strictly comply with R.C. 2945.05 by failing to file a properly executed written jury trial waiver under these unique circumstances is not a jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial." *Id.* at 661, 653 N.E.2d at 703. *Larkins* relied on R.C. 2945.06 as support for the proposition that a trial court has jurisdiction for a bench trial only if the "defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code." Based on this, the

*Larkins* majority determined that "[t]he failure to strictly comply with R.C. 2945.05 by not filing the executed written waiver was not the result of Larkins' failure to properly waive his right to be tried by a jury and elect to be tried by the court. * * * Instead, the failure to comply with R.C. 2945.05 was the result of an error on the part of the trial court to formally file the executed written waiver." *Larkins*, 73 Ohio St.3d at 661, 653 N.E.2d at 703. I, therefore, disagree with the majority's conclusion that *Larkins* is limited to habeas corpus actions or that the result in *Larkins* was dictated by the written waiver's presence in the trial court's case file.

Like *Larkins*, Pless does not dispute what is reflected in the official court record, that he signed a written waiver of his right to a jury trial, affirmatively waiving his right to a jury trial and consenting to be tried by a three-judge panel. Pless also does not dispute that the trial judge reflected Pless's election in a journal entry. As cited at footnote 2 of the majority opinion, the official transcript of the court details the painstaking efforts of the trial judge to systematically make a clear record of the defendant waiving his right to a jury trial in writing in open court after having considered it for months with input from family and the two lawyers representing him. Through the transcript we have a record of the defendant and his counsel confirming that the defendant had just signed the waiver that the judge was holding in her hand as she proclaimed on the record that she would make the waiver a part of the record. The judge then signed a journalized entry stating that the defendant had elected to be tried before a three-judge panel. With such a record of the defendant's waiver, a missing time-stamped form does not divest the court of jurisdiction according to the reasoning and holding of *Larkins*.

I would affirm the convictions in all respects.

PFEIFER, J., concurs in the foregoing dissenting opinion.