The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward* (1996), 114 Ohio App.3d 722.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70308.

Decided Oct. 28, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for appellee.

*Anthony A. Cox,* for appellant.

PATTON, Judge.

The dispositive issue raised in this appeal is whether the trial court had jurisdiction to try defendant Fred Ward, whose signed jury waiver was not filed with the clerk of courts. Under authority of *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, we find that the trial court lacked jurisdiction to conduct trial and reverse.

The grand jury charged defendant with two counts of felonious assault and one count of carrying a concealed weapon. Defendant appeared on the record before the court and knowingly, intelligently and voluntarily waived his right to a jury trial. He then signed the waiver form required by R.C. 2945.05. That waiver, although contained in the record, was not filed with the clerk of the court.

Paragraph one of the syllabus to *Pless* states that when the defendant elects to waive the right to a jury trial, "R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made a part of the record thereof." We recently addressed this issue in *State v. Coleman* (May 9, 1996), Cuyahoga App. No. 69202, unreported, 1996 WL 239878, stating, "We have no discretion in this matter. We are obliged to follow the Supreme Court's decision in *Pless* which mandates strict compliance with R.C. 2945.05." *Id.* at 15.

Although the state does not contest the applicability of *Pless,* it makes several arguments as to why *Pless* should not control.

First, the state argues that *Pless* failed to consider the import of R.C. 2901.04(B), which requires the courts to construe the sections of the Revised Code "so as to effect the fair, impartial, speedy, and sure administration of justice."

This argument has some force because the Staff Notes to R.C. 2901.04 expressly state that the criminal statutes relating to procedure must be construed to promote justice for both the accused and the state. However, we must nevertheless presume that the Supreme Court did, in fact, consider the import of R.C. 2901.04 when reaching its decision, despite its failure to make a specific citation to that code section. The court was well aware that its decision "might not be well received." Under those circumstances, it seems unlikely that the Supreme Court would not consider all relevant statutory material when reaching its decision.

The state next argues that the waiver should be considered "filed" because, despite not being time-stamped, it is contained in the record on appeal.

In *State v. Harris* (1991), 73 Ohio App.3d 57, 62, 596 N.E.2d 563, 566–567, the court stated that "papers pertaining to the trial of a case can exist in one of only two ways: first, by an actual filing of the paper with the clerk of the trial court and, second, by admission into the record during the course of a trial which then makes the paper an exhibit to the transcript of proceedings." Neither event occurred in this case. The clerk's endorsement of the fact of filing and the date of the filing is evidence of the filing. *Ins. Co. of N. Am. v. Reese Refrig.* (1993), 89 Ohio App.3d 787, 790–791, 627 N.E.2d 637, 639–640. Because the jury waiver form did not contain a time stamp from the clerk of courts, the waiver is not considered "filed" for purposes of R.C. 2945.05.

Likewise, we must reject the state's argument that *Pless* only applies to jury waivers that are not a part of the record in any form. It is true that the jury waiver involved in *Pless* did not appear at all in the papers transmitted on appeal. However, we must follow the law set forth in the syllabus, and that law broadly states that a jury waiver must be "filed in the criminal action and made a part of the record." Concededly, the waiver was not filed in the criminal action, so we cannot deviate from the *Pless* syllabus to reach a contrary result.

Finally, the state argues that *Pless* failed to take into consideration the interplay between R.C. 2945.05 and Crim.R. 23, which makes no specific requirement that a jury waiver be filed with the court. We considered and rejected precisely this argument in *Coleman*, noting that the Supreme Court itself has held that "'there is no conflict between Crim.R. 23(A) and R.C. 2945.05.'" *Coleman, supra*, at 9, quoting *State v. Tate* (1979), 59 Ohio St.2d 50, 53–54, 13 O.O.3d 36, 37–39, 391 N.E.2d 738, 739–740. Accordingly, the first assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

PORTER, P.J., concurs.

O'DONNELL, J., concurs separately.

O'DONNELL, Judge, concurring separately.

I concur with the majority opinion and agree our court is bound by the doctrine of *stare decisis* to follow *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, despite my personal belief that this case raises a glaring example of emphasizing form over substance.

In this case, the defendant chose to have a judge, not a jury, decide his case. He enjoyed representation by an experienced, competent defense counsel, answered questions about his constitutional rights posed by a skilled trial judge and evidenced his choice to waive a jury by signing his name to an official court document which is contained in the court file, the authenticity of which has never been challenged. But, because that document does not contain a date-stamp from the clerk of the court, somehow, the appellant's constitutional right to a jury trial has been denied. Yet with the stamp, no such denial occurs. How powerful the date-stamp must be!

Courts need to be responsive to constitutional considerations and make sincere efforts to avoid trampling rights of litigants. In this case, however, it was common sense that got stamped out.