[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 51.]

**JACKSON, APPELLANT, *v*. ROSE, WARDEN, APPELLEE.**

**[Cite as *Jackson v. Rose*, 1997-Ohio-179.]**

*Criminal law—Failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction—Claimed violation of R.C. 2945.05 is not the proper subject for habeas corpus relief.*

(No. 97-30—Submitted May 6, 1997—Decided June 18, 1997.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006135.

———————————

{¶ 1} In 1991, the Lorain County Court of Common Pleas convicted appellant, Neil S. Jackson, of two counts of aggravated trafficking in drugs and one count of possessing criminal tools. In 1995, Jackson filed a petition in the Court of Appeals for Lorain County for a writ of habeas corpus. Jackson claimed in his petition, as amended, that the trial court had not complied with R.C. 2945.05 because he never signed a jury waiver form and no form was ever filed in his criminal case. The court of appeals dismissed the petition.

{¶ 2} The cause is now before this court upon an appeal as of right.

———————————

*Neil S. Jackson, pro se.*

*Betty D. Montgomery*, Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellee.

———————————

**Per Curiam.**

{¶ 3} Jackson asserts that the court of appeals erred in dismissing his habeas corpus petition. As the court of appeals held, however, the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the

syllabus.  A claimed violation of R.C. 2945.05 is not the proper subject for habeas corpus relief.  74 Ohio St.3d at 339, 658 N.E.2d at 770.

{¶ 4} Based on the foregoing, the court of appeals properly dismissed Jackson's habeas corpus petition.  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————