Defendant-appellant Antonio Jones advances seven assignments of error for our review in connection with his convictions for inciting to violence and aggravated rioting.
The first four assignments of error contend that the convictions for inciting to violence and aggravated rioting were based upon insufficient evidence and contrary to law. These assignments of error are overruled. The record reflects that the state produced evidence that, if believed, would have justified a rational trier of fact in finding that all of the elements of the two offenses were established beyond a reasonable doubt. We therefore hold that sufficient evidence was presented to support the convictions. We further conclude that the trial judge, as the trier of fact, did not lose his way in arriving at the findings of guilt. See State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
The fifth assignment of error is also overruled. We cannot say that the trial court abused its discretion by refusing to admit into evidence the statements at issue. State v. Sage
(1987), 31 Ohio St.3d 173, 510 N.E.2d 343; Pembaur v. Leis
(1982), 1 Ohio St.3d 89, 437 N.E.2d 1199.
The sixth assignment of error alleges that appellant's jury waiver was not properly filed with the trial court.
In State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus, the Ohio Supreme Court held that, to effectuate a valid waiver of the right to trial by jury pursuant to R.C. 2945.05, strict compliance with the following provisions of the statute is mandated: the waiver form must be in writing, it must be signed by the defendant, and it must be filed in the criminal prosecution and made part of the record thereof. Absent strict compliance with R.C.2945.05, a trial court lacks jurisdiction to try the defendant without a jury. Id. In State v. Gipson (1998), 80 Ohio St.3d 626, 687 N.E.2d 750, the Ohio Supreme Court further explained that the requirement in R.C. 2945.05 that the jury form be "filed in said cause and made part of the record thereof" means that the form must be time-stamped and included in the record.
In the case before us, the record clearly indicates that appellant's signed jury-waiver form was not formally "filed," i.e., "time-stamped," until December 10, 1998. However, on November 12, 1998, the trial court, pursuant to App.R. 9(E), placed of record an entry which supplemented the record to include appellant's jury waiver and further ordered that the jury waiver be entered nunc pro tunc to the February 17, 1998, trial date.
For purposes of satisfying the requirements set forth in R.C.2945.05 and Pless, supra, which clearly emphasize the fact of filing over the date of filing, we conclude that appellant's jury-waiver form was properly "filed and made part of the record" in the case. Thus, the trial court had jurisdiction to try appellant without a jury and to enter the subsequent judgment of conviction. The sixth assignment of error is accordingly overruled.
The seventh and final assignment of error, which challenges the imposition of multiple sentences for allied offenses of similar import, is overruled. Clearly, for purposes of R.C.2941.25, the elements of the offenses for which appellant was convicted do not correspond to such a degree that the commission of one offense necessarily results in the commission of the other under the first prong of the two-part test for allied offenses. Newark v. Vazirani (1990), 48 Ohio St.3d 81,549 N.E.2d 520; State v. Bickerstaff (1984), 10 Ohio St.3d 62,461 N.E.2d 892; State v. Lang (1995), 102 Ohio App.3d 243,656 N.E.2d 1358. Thus, the trial court properly sentenced appellant for the separate offenses of inciting to violence and aggravated riot.
Therefore, the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
SUNDERMANN, P.J., HILDEBRANDT and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 5, 1999 per order of the Court ____________________. Presiding Judge