OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas which found appellant guilty of one count of tampering with evidence and one count of drug abuse. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignment of error:
"FIRST ASSIGNMENT OF ERROR
 "APPELLANT'S CONSTITUTIONAL RIGHT TO TRIAL BY JURY WAS VIOLATED BECAUSE THE RECORD ESTABLISHES THAT A WRITTEN JURY WAIVER FORM WAS NOT EXECUTED, FILED AND MADE A PART OF THE RECORD PURSUANT TO R.C. 2945.05. (See, e.g., Docket Sheet)"
The facts that are relevant to the issues raised on appeal are as follows. On July 11, 1994, appellant was indicted on one count of murder, one count of voluntary manslaughter, one count of felonious assault, one count of tampering with evidence and one count of drug abuse. Trial was set for May 18, 1995. Prior to voir dire and opening statements, appellant made an oral motion to sever the offenses of tampering with evidence and drug abuse (Counts 4 and 5 of the indictment). The state objected, arguing that the fourth and fifth counts were related to the homicide offenses, that there would be no prejudicial effect from trying all the offenses together, that it was economically impractical, that it would result in the same evidence being presented at both trials, and that appellant had not signed a written waiver of jury trial. After the jury was selected and before opening statements, the trial court determined that the tampering with evidence and drug abuse charges would be tried to the bench during the jury trial and that after the jury returned to deliberate on the first three counts the parties would be permitted to present additional evidence to the court as to the charges of tampering with evidence and drug abuse.
After the trial, the jury found appellant not guilty of murder and voluntary manslaughter and guilty of felonious assault. The trial court found appellant guilty of tampering with evidence and drug abuse. Appellant was sentenced to a term of imprisonment of eight to fifteen years for felonious assault, two years for the tampering with evidence conviction and eighteen months for the drug abuse conviction. The trial court ordered that the sentences be served consecutively.
Appellant appealed the trial court's judgment and in a decision released January 30, 1998, this court affirmed the trial court. See State v. Farris (Jan. 30, 1998), Erie App. No. E-95-052, unreported. In our decision, we found that we were unable to consider appellant's claimed error as to the bench trial because he had not provided this court with a transcript of the proceedings. On April 30, 1998, appellant's new counsel filed an application for reopening pursuant to App.R. 26(B) and State v.Murnahan (1992), 63 Ohio St.3d 60, based on former appellate counsel's failure to provide this court with a transcript of the bench trial and his failure to raise the issue of whether appellant waived jury trial. On June 15, 1998, this court granted appellant's application for reopening. State v. Farris (June 15, 1998), Erie App. No. E-95-052.
In his sole assignment of error, appellant now asserts that the trial court did not have jurisdiction to try him on the fourth and fifth counts of the indictment because he did not sign a jury waiver. Appellant argues that, pursuant to R.C. 2945.05, in order to validly waive his right to a trial by jury a defendant must sign a written waiver and the waiver must be filed with the court and made a part of the record. Appellee responds that R.C.2945.05 does not apply to the facts of this case. Appellee claims that appellant was not denied the right to a jury trial because the first three counts were tried to a jury and because appellant requested that the fourth and fifth counts be tried to the bench. Appellee further responds that appellant is not entitled to relief from this court because he invited any error that may have occurred by asking the trial court to sever the tampering with evidence and drug abuse counts so that they could be tried to the court.
R.C. 2945.05 provides that:
 "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *" [Emphasis added.]
As the Supreme Court of Ohio stated in State v. Pless
(1996), 74 Ohio St.3d 333, 337, "[t]he requirements of R.C.2945.05 are clear and unambiguous." The Pless court further held that "[i]n the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." Id.
In Pless, it was undisputed that the defendant appeared in open court and voluntarily signed a written waiver of his right to trial by jury. The signed, written waiver, however, was not contained in the record and there was no evidence that it was ever filed of record and/or included in the trial court's case file. On appeal, the court of appeals affirmed the convictions, but upon consideration of R.C. 2945.05, the Supreme Court of Ohio reversed and remanded the case for a new trial.
Despite significant evidence in Pless of compliance with R.C. 2945.05, the court felt constrained to enforce the statute as written. In the case before us, there is no claim that a written waiver ever existed, let alone that one was properly signed and filed. This is not a case of a signed jury waiver being misplaced or not being file-stamped as in Pless. It does appear from the record that appellant's trial counsel told the court that he was going to file a motion to bifurcate the tampering with evidence and drug abuse counts, and the trial court apparently proceeded with that understanding, but that stops far short of compliance with R.C. 2945.05. Upon consideration of the foregoing, this court finds that there was a complete failure to comply with R.C. 2945.05 and, accordingly, appellant's sole assignment of error is well-taken.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed and vacated as to appellant's convictions for tampering with evidence and drug abuse, and this case is remanded for a new trial. Court costs of this appeal are assessed to appellee.
 JUDGMENT REVERSED AND VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. JUDGE
James R. Sherck, J. JUDGE
Richard W. Knepper, J. JUDGE
CONCUR.