[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Defendant-appellant Paul Morin appeals from the judgment of the trial court convicting him of domestic violence. Morin claims that the trial court erred in finding him guilty because insufficient evidence was presented to prove that the victim was a family or household member within the meaning of the domestic-violence statute. Morin also claims that the guilty finding was against the manifest weight of the evidence.
We do not address the merits of the assignments of error. A review of the record reveals that Morin was tried by the court. Although the transcript of the proceedings indicates that Morin signed a jury waiver, the waiver has not been made a part of the record as required by R.C. 2945.05. This court is accordingly constrained, by the Supreme Court of Ohio's opinion in State v.Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, to reverse the trial court's judgment due to the absence of the recorded waiver.
This court has, on several occasions, expressed its frustration with the rule of strict compliance set forth inPless. When, as in this case, the transcript reveals that the defendant in fact signed a jury waiver and that the trial court painstakingly reviewed with the defendant the implications and consequences of the waiver, the failure to record the waiver seems at best harmless error, and we are loathe to reverse a judgment on these grounds. However, we must follow the mandates of the Supreme Court of Ohio.
Therefore, the judgment of the trial court is reversed. This cause is remanded to the trial court for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge