DECISION.
Defendant-appellant Leonardo Wallace appeals his conviction for felonious assault, in violation of R.C.2903.11(A)(3), following a trial to the court. He contends that the trial court did not have jurisdiction to proceed to trial without a jury, as a written jury waiver was not filed and made part of the record pursuant to R.C. 2945.05. Because Wallace's signed jury waiver was journalized nunc pro tunc, we overrule his assignment of error.
On October 31, 1997, Wallace signed a jury waiver before the trial. The transcript of the proceedings shows that the trial court discussed the written waiver with Wallace in open court. From the colloquy, the trial court concluded that Wallace had knowingly and voluntarily made the decision to proceed in a bench trial. On December 19, 1997, the trial court found Wallace guilty as charged and sentenced him to a four-year prison term.
When Wallace's former appellate counsel failed to file a brief, we dismissed his original direct appeal on October 29, 1998. In response to an application made by counsel of record, pursuant to App.R. 26(B), we then granted leave to appeal the felonious-assault conviction.
Because the record did not originally include Wallace's signed jury waiver as required by R.C. 2945.05, he urges reversal of the conviction on the authority of State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus.
The state requested and received extensions to file its appellate brief by August 27, 1999, October 20, 1999, September 29, 1999, and October 8, 1999. The state's brief, filed one hundred days after Wallace filed his brief, advised that pursuant to its App.R. 9(E) motion to correct the record, "it is anticipated that the trial court will, on October 18, 1999, order [Wallace's] jury waiver filed and made effective nunc pro tunc to the October 31, 1997 trial date."
On October 19, 1999, two days before oral argument, the trial court at a hearing with counsel present granted the state's motion to correct the record and journalized the jury waiver that without dispute had been signed on October 31, 1997, by Wallace and his trial counsel, effective nunc pro tunc to the trial date.
Wallace argues that the trial court's correction of the record nearly two years after the trial has no effect because of the Supreme Court's admonition in paragraph one of the syllabus inState v. Pless of the need for "strict compliance with the requirements of R.C. 2945.05." If the statute or Pless is read together with R.C. 2945.06, Wallace contends that a trial court has jurisdiction to proceed to trial without a jury only after a written jury waiver is both signed by the defendant and journalized. As the statutory requirements were not satisfied in this case until after the trial court had entered the judgment of conviction, he urges that the conviction is void ab initio.
This court has twice held that "Pless, supra, clearly emphasized the fact of filing [a waiver] rather than the date of filing in determining the validity of the waiver." State v. Gibson (Feb. 5, 1999), Hamilton App. No. C-980327, unreported; see, also, State v.Jones (Feb. 5, 1999), Hamilton App. No. C-980270, unreported.
"[T]he function of a nunc pro tunc order is, essentially, clerical: it is to record officially an action or actions of a court actually taken but not duly recorded." State v. Breedlove
(1989), 46 Ohio App.3d 78, 81, 546 N.E.2d 420, 423. "It is a simple device by which a court may make its journal speak the truth." National Life Ins. Co. v. Kohn (1937), 133 Ohio St. 111,113, 11 N.E.2d 1020, 1021.
Here, the record demonstrates that, before proceeding to trial, the trial court personally addressed Wallace and informed him of his right to a jury trial, and that on October 31, 1997, he signed a form waiving that right. Pursuant to App.R. 9(E), this waiver form bearing Wallace's signature was entered in the record on October 19, 1999, nunc pro tunc to October 31, 1997. As in Gibson
and Jones, we hold that Wallace's signed jury waiver was properly entered nunc pro tunc, and that the trial court had jurisdiction to try Wallace and to enter a judgment of conviction. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Gorman, P.J., Sundermann and Winkler, JJ.