I agree that the record supports the award of permanent custody to Family Services and that the trial court implicitly made the findings necessary to that award. I write separately to bemoan the lack of rigor that has characterized this judgment and so many other judgments in these important cases and to encourage our colleagues in the juvenile court to express their opinions with the care these matters deserve.
Few decisions have a more lasting impact psychological, emotional, social, financial on both parent and child than the decision permanently to deprive a parent of his or her parental rights. It behooves us to explain carefully our reasons for imposing this drastic remedy, both so that the participants will understand the reasons for the court's action and so that an expeditious resolution can be achieved. The more clearly we explain the reasons for our actions, the more certainty we create and the more quickly we allow the participants to move forward in their altered lives.
Sooner or later, an opinion that attempts to supply only the bare minimum findings necessary to support the court's actions will prove inadequate, either because the trial court will slip below even the minimal requirements demanded here or because some appellate court in the future will demand a more rigorous analysis, given the constitutional importance of the rights at issue. Cf. State v. Pless (1996), 74 Ohio St.3d 333. Reversal and remand for further proceedings will throw the child and parents into a further round of uncertainty and psychological upheaval, perhaps for years, in addition to the years spent litigating the case through appeal in the first instance. The perpetuation of such avoidable uncertainty throughout the childhood of a person the court is supposed to be protecting is indefensible.