DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a judgment of the Wood County Court of Common Pleas wherein appellant was convicted of one count of intimidation of a crime victim or witness, in violation of R.C.2921.04(B).
Appellant, Anthony Dominijanni, appeals his conviction and asserts the following assignments of error:
 "I. THE TRIAL COURT DID NOT HAVE JURISDICTION TO TRY THE DEFENDANT BECAUSE THE COURT FAILED TO STRICTLY COMPLY WITH O.R.C. 2945.05 AND OBTAIN A PROPER WAIVER OF DEFENDANT'S RIGHT TO A JURY TRIAL.
 "II. THE TRIAL COURT ERRED IN ALLOWING EXTRINSIC EVIDENCE OF COLLATERAL ISSUES IN VIOLATION OF OHIO RULE OF EVIDENCE 616(C) THEREBY DENYING APPELLANT A FAIR TRIAL.
 "III. THE JURY VERDICT FINDING APPELLANT GUILTY OF INTIMIDATION OF CRIME VICTIM OR WITNESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
In his first assignment of error, appellant asserts that the trial court did not obtain his waiver of jury trial in accordance with R.C.2945.05 because the waiver was not made in open court.
R.C. 2945.05 states in pertinent part:
 "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." (Emphasis added.)
The state of Ohio argues that the presence of a signed waiver of jury trial in appellant's record indicates that the trial court complied with R.C. 2945.05. The state cites to State v. Pless (1996), 74 Ohio St.3d 333
in support of this argument. However, this case is distinguishable fromPless. In Pless, defendant's trial transcript contained a colloquy between defendant and the trial court judge regarding defendant's written waiver, but no waiver document appeared in defendant's record. Id. atfn. 2, 336. The Ohio Supreme Court held in Pless that a signed, written waiver must be filed and made a part of the record in order for a trial court to have jurisdiction to try a defendant without a jury. Id. at339.
In the present case, a written waiver appears in appellant's record. However, the record is devoid of any indication that the waiver was "made in open court" as specified in R.C. 2945.05. Although the Ohio Supreme Court has held that, "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial," in appellant's case, there is no mention made at all of the waiver in the trial transcripts. Statev. Jells (1990), 53 Ohio St.3d 22, 25-26. We note that in Jells, unlike the present case, the trial court conducted an inquiry on the record regarding defendant's waiver which defendant argued was inadequate to determine whether he had made an intelligent, voluntary, and knowing waiver. Id. at 25.
Absent any exchange between the court and appellant regarding appellant's waiver, we find that the Wood County Court of Common Pleas did not comply with R.C. 2945.05.
Accordingly, the court finds that substantial justice has not been done the party complaining, and appellant's first assignment of error is well-taken. Appellant's remaining two assignments of error are rendered moot. The judgment of the Wood County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ___________________________ Melvin L. Resnick, J.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.