JOURNAL ENTRY and OPINION
Joseph D. D'Ambrosio, the applicant, has filed a "motion for delayed reconsideration" which this court shall treat as an application for reopening pursuant to App.R. 26(B). D'Ambrosio is attempting to reopen the judgment that was rendered by this court in State v. D'Ambrosio
(Aug. 30, 1990), Cuyahoga App. No. 57448, unreported, which affirmed his conviction for the offenses of aggravated murder with felony murder specifications (R.C. 2903.01), kidnapping (R.C. 2905.01), and aggravated burglary (R.C. 2911.01). For the following reasons, we decline to reopen D'Ambrosio's original appeal.
As required by App.R. 26(B)(2)(b), D'Ambrosio must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. State v. Cooey (1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88; 647 N.E.2d 784. Herein, D'Ambrosio is attempting to reopen the appellate judgment that was journalized on November 13, 1990. D'Ambrosio's application for reopening, however, was not filed until June 29, 2001, more than ten years after journalization of the appellate judgment which affirmed his conviction for the offenses of aggravated murder with felony murder specifications, kidnapping, and aggravated burglary. D'Ambrosio has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; State v.Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 1226.
Notwithstanding the fact that the application for reopening was not timely filed, a substantive review of D'Ambrosio's supporting brief fails to disclose that there exists a genuine issue as to whether he was deprived of the effective assistance of appellate counsel. Specifically, D'Ambrosio argues that his original appeal should be reopened since the Supreme Court of Ohio established in State v. Pless (1996),74 Ohio St.3d 333, that:
 "Absent strict compliance with the requirements of R.C. 2945.05 a trial court lacks jurisdiction to try the defendant without a jury." (Citations omitted.)
Id., paragraph one of the syllabus.
D'Ambrosio argues that strict compliance with the requirements of R.C.2945.05 was not observed during his trial because the signed jury waiver form was journalized after his trial had concluded.
The argument, as presently raised by D'Ambrosio, has been previously raised through other applications for reopening and found to be without merit. See State v. Kurincic (Nov. 30, 1995), Cuyahoga App. No. 68246, unreported, reopening disallowed (Aug. 14, 1996), Motion No. 71617; Statev. Munici (Nov. 30, 1987), Cuyahoga App. No. 52579, unreported, reopening disallowed (Aug. 21, 1996), Motion No. 68671; State v. Canitia (June 17, 1993), Cuyahoga App. Nos. 62492 and 62639, unreported, reopening disallowed (Aug. 29, 1996), Motion No. 71997; State v. Bekovich (Apr. 10, 1986), Cuyahoga App. Nos. 5008, 50068, and 50118, unreported, reopening disallowed (Oct. 28, 1996), Motion No. 73125.
A review of the two exhibits attached to D'Ambrosio's application for reopening clearly demonstrates that the trial court properly complied with R.C. 2945.05 and controlling case law in existence in 1989, the year D'Ambrosio was convicted of the offenses of aggravated murder with felony murder specifications, kidnapping, and aggravated burglary. The transcript of proceedings demonstrates that D'Ambrosio knowingly and voluntarily waived his right to a trial by jury. See Exhibit "B" attached to application for reopening. In addition, D'Ambrosio waived his right to a jury trial in writing. See Exhibit "A" attached to the application for reopening. Finally, on December 14, 1988, the trial court issued a journal entry which documented that D'Ambrosio properly waived his right to a jury trial.
The opinions rendered by this court in Kurincic, Munici, Canitia, andBekovich clearly provide that appellate counsel cannot be declared ineffective for failing to anticipate the future development of the law in the area of jury waiver by the Supreme Court of Ohio. The jury waiver procedure employed by the trial court in 1988, with regard to D'Ambrosio's decision to waive his right to a jury trial, was proper. Thus, D'Ambrosio has failed to establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5); Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; Jones v. Barnes (1983), 463 U.S. 745,103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696.
Accordingly, we deny D'Ambrosio's application for reopening.
KENNETH A. ROCCO, P.J., CONCURS. JAMES J. SWEENEY. J., CONCURS.