[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, John Williams, appeals a conviction for theft pursuant to R.C. 2913.02(A)(2). However, we cannot reach the merits of the six assignments of error he has presented for review. The record reveals that he waived a jury trial and signed a jury waiver, but the jury waiver was never filed of record as required by R.C. 2945.05.
Because the jury waiver was never filed, the trial court lacked jurisdiction to try Williams without a jury. Consequently, we have no choice but to reverse the trial court's judgment and remand the case for further proceedings. See State v. Pless (1996), 74 Ohio St.3d 333,658 N.E.2d 766, paragraph one of the syllabus; State v. Berry (Apr. 14, 2000), Hamilton App. Nos. C-990354 and C-990365, unreported; State v.Morin (Nov. 17, 1999), Hamilton App. No. C-980985, unreported.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.