JOURNAL ENTRY AND OPINION
Defendant-appellant David Miller appeals his conviction for domestic violence, claiming that the trial court lacked jurisdiction to conduct a bench trial because his signed jury waiver was not timely filed.
Defendant was indicted for domestic violence for an assault on his roommate. Just prior to trial on April 9, 2001, he signed a jury waiver, confirming verbally to the court on the record that his waiver was knowing and voluntary and that he understood his right to a jury trial. Following that discussion, the court accepted and signed the waiver, stating, "[t]his is going to be filed forthwith. Counsel, how about opening statements?" Tr. at 10. The court then proceeded directly to trial. The court's journal entry states: "DEFENDANT'S VOLUNTARY WAIVER OF JURY TRIAL AND ORDER. RECEIVED FOR FILING ON 04/09/01." Defendant was convicted of domestic violence, sentenced to two years of community control sanctions, and, after a probation violation less than a month later, sentenced to six months of incarceration. He then appealed his conviction.
Defendant states one assignment of error:
 I. THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY BECAUSE IT FAILED TO COMPLY WITH R.C. 2945.05 WHICH PROVIDES THAT A SIGNED JURY WAIVER MUST BE FILED BEFORE A TRIAL COURT MAY ACT AS THE TRIER OF FACT.
Defendant claims that because the jury waiver was not actually filed prior to the start of his trial, his waiver does not comply with the strict requirements of 2945.05, which states:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _______________, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
The Ohio Supreme Court strictly construed the requirements of the statute in State v. Pless (1996), 74 Ohio St.3d 333:
 In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury.
Id. at syllabus, paragraph one.
However, a close reading of the statute belies defendant's interpretation and shows that the trial court complied with the statute. Although the statute "requires that the waiver occur before trial, and that the waiver is filed, time-stamped and contained in the record[,] * * * [t]here is no requirement that the waiver be filed and placed in the record before trial." State v. Antoncic (Nov. 22, 2000), Cuyahoga App. No. 77678, unreported, 2000 Ohio App. LEXIS 5481, *3-4. Despite defendant's reliance on Pless, he fails to cite any portion of the case which states that the waiver must be filed before the trial begins. Rather, Pless states that the waiver must be signed and properly filed: it never states that the waiver must be filed prior to the beginning of trial.
Defendant signed his jury waiver before the beginning of his trial. His answers to the trial court's extensive questioning on the record prior to trial confirm that his waiver was knowing, voluntary, and intelligent. The court properly filed the signed jury waiver on the same day it was made. The trial court fulfilled all the requirements of R.C. 2945.05; thus the trial court had jurisdiction to try the defendant without a jury. Defendant, therefore, was properly tried and convicted.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.