OPINION
Defendant-appellant, Thomas Kuechler, appeals his conviction in the Brown County Court for domestic violence in violation of R.C. 2919.25(A). We reverse appellant's conviction and remand for retrial.
Appellant was charged with domestic violence as a result of an altercation with his daughter. On May 8, 2001, appellant filed a written plea of not guilty and a jury demand. After a bench trial on July 27, 2001, appellant was convicted of domestic violence.
Appellant now appeals his conviction and raises four assignments of error for our review. Because it is dispositive of the other assignments of error, we begin with appellant's second assignment of error, which states:
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT A TRIAL BY JURY WITHOUT A VALID WAIVER OF APPELLANT'S RIGHT TO TRIAL BY JURY.
In this assignment of error, appellant argues that the trial court was without jurisdiction to hold a bench trial because appellant did not waive his right to a jury trial. The state concedes that the trial court was without jurisdiction to hear the case. We agree.
When the defendant elects to waive the right to trial by jury, a written wavier must be made part of the record. State v. Pless (1996),74 Ohio St.3d 333, 340; State v. Tate (1979), 59 Ohio St.2d 50; State v.Pflanz (1999), 135 Ohio App.3d 338, 349. Without a valid waiver, the trial court lacks jurisdiction to try the defendant without a jury. Id. Because no written waiver of appellant's right to a jury trial was filed, the trial court was without jurisdiction to convict appellant and this case must be remanded for a new trial. See Pless,74 Ohio St.3d at 340. Appellant's second assignment of error is sustained and the remaining assignments of error are rendered moot.
Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
POWELL, P.J., and VALEN, J., concur.