{¶ 12} I respectfully dissent.
 {¶ 13} The majority has added a new requirement to R.C. 2943.031: that a defendant provide an affidavit or other documentation demonstrating that defendant is not a citizen of the United States. On this point the statute requires only that "the defendant show that he is not a citizen of the United States."
 {¶ 14} That requirement was satisfied when the defendant stated onthe record in common pleas court that he was not a citizen. As the majority observed, when defendant was asked whether he was a United States citizen, he responded, "Legal alien, green card." This statement on the record in the underlying case is sufficient to meet the statutory requirement. Nothing more is required on this point. It would be different if defendant were to return later to claim what was not ever established below. Those are not the circumstances here. In the case at bar, the lower court accepted his statement that he was a "legal alien," when the court proceeded to advise him that he could be deported. For this court to add a new requirement on an issue of fact already established would in effect, add an unnecessary technicality. The requirement of an affidavit or other documentation arises only when the lower court is not aware at the sentencing hearing that a defendant is not a U.S. citizen.
 {¶ 15} The majority misreads the statute by requiring that the defendant show anew upon motion that he is not a U.S. citizen. A careful reading of the statute shows that the phrase "upon motion does not qualify the section specifying this showing any more than it qualifies the immediately preceding phrase: that is, "the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division * * *." All three of these criteria were established by the transcript from the first hearing. Nothing further on these points is needed.
 {¶ 16} The state, but not the majority opinion, argues, however, that the court satisfied the statute when it advised only on deportation, not on exclusion or denial of naturalization. The state assumes that advising only deportation substantially complies with the statutory requirement. I disagree. First, we must consider that the advisement specified in the statute is contained in quotation marks. Those quotation marks must be honored: the usual meaning is that they signal that the advisement is to be given verbatim. State v. Quran, 2002-Ohio-4917. The state, however, offers no reason to ignore them.
 {¶ 17} In any event, even if "substantial compliance" were the standard-and I do not agree that it is-there cannot be substantial compliance when the court addresses only one of three expressly specified consequences that must be advised.[1] It is one thing to ignore quotation marks; it is quite another to trim three specific consequences down to one that does not include the other two. That is not "substantial compliance." That's more like "hit and miss."
 {¶ 18} The fourth criterion-that the offense to which he pleaded guilty "may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States" — can be shown as a matter of law by reference to INA 101(a)(43), INA 237(a)(2)(A) (iii) and8 U.S.C. § 1227(A)(2)(A)(iii) (2001). He pled guilty to what is considered an "aggravated felony" as defined by INA. No documentation is needed to satisfy this criterion, because as a matter of law he is deportable and may be excluded from admission to the United States, as well as denied naturalization.
 {¶ 19} Because defendant complied with the statutory requirements, I would reverse and allow defendant to withdraw his guilty plea.
[1] As this court said in State v. Quran, supra, citing State v. Pless
(1996), 74 Ohio St.3d 333, 340, "If we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a substantial compliance interpretation."