[Cite as *State v. Robbins*, 2017-Ohio-8497.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27100 |
| | : | |
| v. | : | T.C. NO. 15CR2473 |
| | : | |
| ROBERT D. ROBBINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 9th day of November, 2017.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
　　　　Attorney for Plaintiff-Appellee

JENNIFER S. GETTY, Atty. Reg. No. 0074317, 7501 Paragon Road, Dayton, Ohio 45459
　　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Robert D. Robbins was convicted after a bench trial in the Montgomery County Court of Common Pleas of two counts of aggravated assault, an offense of inferior degree to felonious assault. The trial court merged the two counts and sentenced Robbins to 18 months in prison. Robbins appeals, alleging that he did not properly waive his right to a jury trial. For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} On August 6, 2015, Robbins was involved in an altercation with fifteen-year-old S.M. in the parking lot of the apartment complex where S.M. lived. The altercation began as a fistfight, but escalated after S.M.'s younger brother retrieved an aluminum baseball bat from his home and threatened to hit Robbins with it. (The evidence is inconsistent as to whether S.M.'s brother actually hit Robbins with the bat.) Robbins pulled out the knife that he routinely carried and punched S.M. in the face while holding the knife. The knife sliced the left side of S.M.'s throat, causing a deep gash. S.M. punched Robbins several times more, and Robbins ran away. S.M. grabbed the bat from his brother and began to chase Robbins, but did not catch him. S.M. went to the complex's office, and an employee contacted the police.

{¶ 3} On September 11, 2015, Robbins was indicted on two counts of felonious assault (deadly weapon and serious physical harm, respectively) arising out of the August 6 incident. Robbins later filed a motion to suppress, challenging whether there was probable cause for his arrest and seeking to suppress his statements to the police. The trial court overruled his motion. A jury trial was later scheduled for March 14, 2016.

{¶ 4} On the morning of March 14, 2016, Robbins indicated that he wished to withdraw his jury demand and to proceed with a bench trial. With the jury waiting in the trial judge's courtroom, the trial judge and the parties went into another courtroom, where the trial judge questioned Robbins about his desire to waive a jury trial, including whether Robbins had discussed the waiver and waiver form with his attorney. Robbins reiterated that he wanted to waive a jury trial, and the trial court concluded that Robbins, in open court, had knowingly, intelligently, and voluntarily waived his right to a jury trial and agreed to be tried by the judge. Robbins signed a "waiver of jury" form, again indicating that he was voluntarily waiving and relinquishing his constitutional right to a jury trial and that he agreed to be tried by a judge. The form was signed by Robbins's attorney and the trial judge, and filed with the clerk of courts at 11:56 a.m. the same day.

{¶ 5} A bench trial began at 1:34 p.m. on March 14. At the beginning of the trial, the trial court stated, "This morning Mr. Robbins waived his right to a jury trial. That entry was filed. Thereafter, the jury was discharged. So we're going to proceed this afternoon with the bench trial."

{¶ 6} During the afternoon of March 14 and on March 15, the State presented a total of seven witnesses; Robbins did not present any witnesses, but asked the court to find him guilty of aggravated assault, an inferior offense of felonious assault. The trial court orally found Robbins guilty of two counts of aggravated assault, and on March 18, the court filed written verdicts consistent with its oral verdicts. After a presentence investigation, the court merged the two offenses and sentenced Robbins to 18 months in prison.

{¶ 7} Robbins's original appellate counsel filed a brief pursuant to *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no non-frivolous issues for appeal. At that time, the record did not include a transcript of the March 14 hearing during which Robbins waived his right to a jury trial, and there was no indication that such a hearing had been held. Thus, upon an initial review of the record, we found a non-frivolous issue related to Robbins's waiver of his right to a jury trial. We set aside the *Anders* brief and appointed new appellate counsel to act as Robbins's advocate on appeal. We instructed that new counsel should review the entire record and raise any issues that counsel believed had arguable merit.

{¶ 8} Robbins, with new counsel, now raises one assignment of error, namely, that his jury waiver "was not properly executed and as such, the trial court lacked jurisdiction to conduct a bench trial." In response to Robbins's assignment of error, the State moved to supplement the record with a transcript of the March 14 hearing during which Robbins waived his right to a jury trial. After the record was supplemented, the State filed its appellate brief, arguing that the jury waiver was valid. Robbins has not filed a reply brief.

## II. Waiver of Jury Trial

{¶ 9} The Sixth Amendment to the United States Constitution guarantees an accused the right to a jury trial. Likewise, under Article I, Section 5 of the Ohio Constitution, a defendant's right to a trial by jury is inviolate. A defendant may, however, elect to waive this constitutional right.

{¶ 10} In Ohio, Crim.R. 23 and R.C. 2945.05 govern a felony defendant's waiver of his jury-trial rights. Crim.R. 23(A) provides: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the

approval of the court and the consent of the prosecuting attorney."

{¶ 11} R.C. 2945.05 sets forth the manner in which a defendant may waive this right. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6. That statute states:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
>
> Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶ 12} The Supreme Court of Ohio has identified five conditions that must be satisfied in order for a jury waiver to be valid. *Lomax* at ¶ 9. The jury waiver must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Id.* Trial courts must strictly comply with the requirements of R.C. 2945.05. *E.g.*, *State v. Pless*, 74 Ohio St.3d 333, 337, 339, 658 N.E.2d 766 (1996). "In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try

the defendant without a jury." *Id.* at 337.

{¶ **13**} "If the record shows a jury waiver, the conviction will not be set aside except on a plain showing that the defendant's waiver was not freely and intelligently made." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 106; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 49. "[A] written waiver is presumptively voluntary, knowing, and intelligent." *Jackson* at ¶ 110, citing *Hunter* at ¶ 49. A trial court is not required to question a defendant to ensure that he or she understands all the rights to a jury trial that are being waived. *Jackson* at ¶ 109.

{¶ **14**} With the March 14 transcript now before us, we conclude that Robbins's waiver of his right to a jury trial was valid. The trial court informed Robbins that he was "giving up the right to have 12 individuals decide your fate in this case." And, the court further questioned Robbins to ensure that Robbins understood that he could not later request a jury trial if he were unhappy with the judge's verdict. The court made sure that Robbins had been given an opportunity to review the jury waiver form and to ask his attorney any questions. Robbins told the trial court that he had no questions about the form. Robbins repeatedly told the trial court, in open court, that he wished to waive a jury trial and have the matter tried to the bench. Also in open court, Robbins signed a jury waiver form that complied with R.C. 2945.05; the jury waiver form was signed by his attorney and the trial court and filed with the clerk of courts.

{¶ **15**} The record supports the trial court's conclusion that Robbins knowingly, intelligently, and voluntarily waived a jury trial and elected to be tried by the trial court. Both the jury waiver form and the execution of the form complied with R.C. 2945.05. Accordingly, Robbins's assignment of error is overruled.

### III. Conclusion

**{¶ 16}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Jennifer S. Getty
Hon. Dennis J. Adkins