DECISION.
On December 23, 1996, defendant-appellant Terrell Berry was indicted for aggravated robbery and robbery, with firearm specifications. Following a bench trial, Berry was found guilty and sentenced as appears of record. Berry appealed his convictions to this court under the case numbered C-970701. On December 31, 1998, we reversed Berry's convictions without addressing his assignments of error, because the record did not contain a signed waiver of Berry's right to a trial by jury. We held that, in the absence of a written jury waiver, signed by Berry, the trial court had no jurisdiction to try him without a jury. The state filed an application for reconsideration in this court on January 5, 1999. The trial court located the jury waiver and ordered that the record be corrected and supplemented to include the jury waiver. The supplemental record was transmitted to this court on January 11, 1999. The state's motion for reconsideration was overruled on January 29, 1999.
On April 13, 1999, Berry's counsel filed a motion to dismiss for violation of Berry's right to a speedy trial. The trial court held a hearing to determine how it should proceed with the case on remand. The state presented evidence that Berry had executed a jury waiver prior to trial. Further, the state presented evidence that the jury waiver had been filed under the correct trial number, but with a co-defendant's case-number suffix. The state's evidence showed that the clerical error had been corrected pursuant to the trial court's order, and that the signed jury waiver had been docketed under Berry's case number suffix. The trial court ruled, upon the state of the record, that the jury waiver was properly filed and entered of record. The trial court then proceeded to sentence Berry to a shorter period of incarceration than that which it had originally imposed.
Berry has appealed, raising five assignments of error for our review. We first address Berry's second assignment of error, which alleges that the trial court erred in failing to afford Berry a "new trial" upon remand. Berry argues that, because this court held in Berry's first appeal that the trial court had no jurisdiction to try him without a jury in the absence of a signed jury waiver, his bench trial was a nullity. Therefore, Berry argues, he was entitled to a trial upon remand.
Upon our review of the record on Berry's first appeal, we discovered that it did not contain a signed waiver of Berry's right to trial by jury; therefore, pursuant to State v. Pless
(1996), 74 Ohio St.3d 333, 658 N.E.2d 766, we reversed the trial court's judgment. Upon remand, the state presented evidence that Berry had executed a jury waiver prior to trial. The state's evidence showed that the jury waiver had been time-stamped and filed under the correct trial number, but with a co-defendant's case-number suffix. Pursuant to the trial court's order, the clerical error was corrected, and the signed jury waiver was docketed under Berry's case-number suffix. The time stamp on the jury waiver indicated that it had been filed originally on June 17, 1997.
The Ohio Supreme Court held, in State v. Pless, supra, that, absent strict compliance with R.C. 2945.05, which requires that a written waiver, signed by the defendant, be filed and made a part of the record, a trial court lacks jurisdiction to try a defendant without a jury. Pless clearly emphasized the fact of filing, rather than the date of filing, in determining the validity of a jury waiver. See State v. Wallace (Dec. 10, 1999), Hamilton App. No. C-980314, unreported; State v. Gibson (Feb. 5, 1999), Hamilton App. No. C-980327, unreported; State v. Jones
(Feb. 5, 1999), Hamilton App. No. C-980270, unreported; State v.Day (Oct. 23, 1998), Hamilton App. No. C-971079, unreported.
Crim.R. 36 provides:
 Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the trial court at any time.
We held in State v. Wallace, supra, that the trial court had jurisdiction to try Wallace without a jury when, despite the failure to record a written jury waiver prior to trial, the waiver was appropriately entered nunc pro tunc after Wallace had been convicted.
In State v. Gibson, supra, Gibson signed a jury waiver after being properly informed of his rights. The waiver was not time-stamped until December 10, 1998, nearly ten months after Gibson's trial. On November 11, 1998, the trial court ordered that the jury waiver be made effective nunc pro tunc to February 17, 1998, the date of Gibson's trial. We held that the jury-waiver form was properly filed and made a part of the record, and that, therefore, the trial court had jurisdiction to try Gibson without a jury.
This court held in State v. Jones, supra, that a jury waiver was effective, although it had been time-stamped after Jones's trial, where the trial court had placed of record an entry supplementing the appellate record pursuant to App.R. 9(C), and where the trial court had entered an order nunc pro tunc that the waiver was to be considered to have been filed on the date of Jones's trial.
In State v. Day, supra, we held that, although Day's jury-waiver form was not filed until one month after his trial, the delay in filing the form did not invalidate the waiver, where the record clearly reflected that Day had signed the form and had waived his right to a jury trial knowingly and voluntarily.
The record in the instant case shows that Berry signed a jury-waiver form that was time-stamped and entered of record on June 17, 1997, prior to his trial. The record shows that the trial court personally addressed Berry and determined that he was knowingly and voluntarily waiving his right to a jury trial. It is clear from the record that the jury-waiver form was time-stamped and filed under the correct case number, but under a co-defendant's case-number suffix. Upon remand, the trial court ordered that the clerical error be corrected and that the jury-waiver form be docketed under Berry's case-number suffix. See Crim.R. 36.
We hold that, for purposes of satisfying the requirements of R.C.2945.05 and State v. Pless, supra, the jury-waiver form was properly filed and made a part of the record. Therefore, the trial court had jurisdiction to try Berry without a jury and to enter the judgment of conviction. The second assignment of error is overruled.
Berry's first assignment of error, alleging that his speedy-trial rights were violated on remand, is made moot by our disposition of his second assignment of error.
Berry's third and fourth assignments of error allege that his convictions were based upon insufficient evidence and against the manifest weight of the evidence.
The victim testified that, on December 12, 1996, at approximately 8:30 p.m., he was walking in the Over-the-Rhine area of downtown Cincinnati. Three men, one of whom the victim identified as Berry, approached him and asked for change. The victim testified that Berry grabbed him from behind and pushed him into an alley. One of the men, later identified by the victim as Daniel Wright, pulled out a gun and stuck it in the victim's face. Wright struck the victim several times in the face with the gun and ordered the victim to give him money. Berry stood at the entrance of the alley, as if to keep a lookout. Berry told the victim to "give it to him, or he will kill you, he will kill you." The victim then gave Wright his money and ran from the alley. The victim was able to give police a description of Berry and Wright. The victim could not identify the third man.
Berry testified that he had been present and had witnessed the robbery, but that he had not participated in it. Berry stated that he had told the victim to "give it up" because he had feared that Wright would injure or kill the victim.
Following a review of the record, we hold that it contains sufficient evidence from which a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. Further, the trier of fact did not lose its way and create a manifest miscarriage of justice. See State v. Martin
(1983), 20 Ohio App.3d 172, 485 N.E.2d 717. The third and fourth assignments of error are overruled.
Berry's fifth assignment of error alleges that the trial court erred in imposing a sentence for both aggravated robbery and robbery and in failing to journalize an entry crediting Berry with time served.
The trial court imposed a sentence of three years on the aggravated robbery conviction, with three years of actual incarceration on the firearm specification. The trial court also imposed a sentence of three years on the robbery conviction, with three years of actual incarceration on the accompanying firearm specification. The trial court held that the robbery conviction, and its accompanying firearm specification, merged with the aggravated robbery conviction, and the firearm specification to that count, for purposes of sentencing. Berry argues that, even though the trial court merged the counts for sentencing, the court should not have imposed sentences on both counts, because they involved allied offenses of similar import. See R.C. 2941.25(A).
Pursuant to State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, in an analysis under R.C. 2941.25(A), the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. As charged in the indictment, aggravated robbery required proof that the offender had a deadly weapon and used or brandished it while committing a theft offense. See R.C. 2911.01(A)(1). Robbery, as charged in the indictment, required proof that the offender inflicted, attempted to inflict, or threatened to inflict, physical harm on the victim, while committing or attempting to commit a theft offense. See R.C. 2911.02(A)(2). An element of aggravated robbery, viz., brandishing or using a deadly weapon, was not required to prove robbery. An element of robbery, viz., the infliction, attempted infliction, or threatened infliction of physical harm, was not required to prove aggravated robbery. Each offense required proof of an element that the other did not. Therefore, the aggravated robbery and robbery charges in this case did not involve allied offense of similar import. See State v.Norman (Dec. 3, 1999), Hamilton App. Nos. C-980874 and C-980872, unreported. The trial court did not err in imposing sentences on both counts.
Berry also argues that the trial court erred in failing to journalize an entry crediting him with time served. The trial court stated on the record that Berry would be credited with time served; however, the sentencing entry does not reflect that he was so credited.
The trial court has the duty to calculate the credit for days of incarceration already served and to include the days to be credited in the sentencing order. See State v. Gregory
(1995), 108 Ohio App.3d 264, 670 N.E.2d 547; State v. Jones (Dec. 17 1999), Hamilton App. Nos. C-981007 and C-981008, unreported;State v. Brewster (Mar. 19, 1999), Hamilton App. No. C-980484, unreported; State v. Burton (Dec. 18, 1996), Hamilton App. Nos. C-950841 and C-950795, unreported. Therefore, we sustain the fifth assignment of error to the extent that it addresses the trial court's failure to include a calculation of Berry's credit for time served, and we overrule it in all other respects.
The case is remanded to the trial court for a calculation of Berry's credit for time served and for the docketing of an amended sentencing entry that specifically states the number of days with which Berry is to be credited. The judgment of the trial court is affirmed in all other respects.
Judgment affirmed in part and reversed in part, and causeremanded.
 Doan, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note
The court has placed of recored its own entry in this case on the date of this release of this Opinion.