DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Desmond B. Scott, appeals the judgment of the Erie County Court of Common Pleas which, after a bench trial, convicted him of burglary, disrupting public service, and theft. For the following reasons, the judgment is affirmed.
 {¶ 2} The convictions resulted from two separate incidents. First, on November 26, 2005, appellant went to the home of Krystal Scott (appellant's ex-girlfriend; no relation), *Page 2 
banged on the windows and doors, and then entered her home without permission. Appellant and his girlfriend began to argue; she managed to momentarily lock him out of the house; he kicked in the door; as the girlfriend attempted to dial 911, once from her home phone and once from her cell phone, appellant took the phones away from her and threw them. Ms. Scott testified that they were not cohabitating and that he struck her several times.
 {¶ 3} The second incident occurred on December 7, 2005. Frederick Williams, an acquaintance of appellant, testified that he had loaned appellant a Dodge Intrepid for several hours. Appellant instead kept the vehicle for three days. Williams, driving a Cadillac, went to a pharmacy and saw the Intrepid in the parking lot. Williams left his Cadillac running, and leaned in through the Intrepid's open window and removed the keys from the ignition. An argument between appellant and Williams ensued, with Williams insisting that appellant return the vehicle and appellant insisting that he had "rented" the vehicle from Williams for the three days. During the argument, appellant broke the headlights in Williams' car; Williams entered a pharmacy to call police; when Williams exited the pharmacy, he saw appellant driving away in the Cadillac. Police found the Cadillac the next day, abandoned on the side of a road. Appellant was charged with theft of the Cadillac.
 {¶ 4} The trial court found appellant guilty for burglary, disrupting public service, and theft. He was sentenced to five years incarceration for burglary, a felony of the second degree; 15 months incarceration for disrupting public service, a felony of the *Page 3 
fourth degree; and 12 months incarceration for theft, a felony of the fourth degree. The sentences for burglary and disrupting public service were ordered to run concurrently to each other but consecutively to the sentence for theft, for a total of six years incarceration.
 {¶ 5} From that judgment, appellant assigns two errors for review:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT DID NOT OBTAIN A VALID WAIVER OF RIGHT TO TRIAL BY JURY FROM DEFENDANT-APPELLANT IN ACCORDANCE WITH R.C. 2945.05.
 {¶ 7} "II. THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WITH RESPECT TO TRIAL COUNSEL'S HANDLING OF APPELLANT'S BENCH TRIAL."
 {¶ 8} We find no merit in appellant's first assignment of error, in which he argues that appellant did not sign his written jury waiver in "open court" as required by R.C. 2945.05. That statute requires a defendant wishing to waive a jury trial to sign a written waiver on the record. "In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." State v. Pless (1996),74 Ohio St. 3d 333, paragraph one of the syllabus. "To satisfy the `in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence *Page 4 
of counsel, if any, acknowledged the jury waiver to the trial court."State v. Lomax, 114 Ohio St.3d 350, 2007-Ohio-4277, paragraph two of the syllabus.
 {¶ 9} Appellant's trial was conducted on October 18 and 19, 2006. Appellant argues in his brief that "examination of the trial transcript indicates that * * * no mention was ever made of the jury trial waiver in open court let alone the written waiver * * *." The record, however, contains a transcript from a pre-trial hearing on October 17, 2006, at which appellant signed the written jury waiver in the presence of his counsel and after the trial court's colloquy, ascertaining whether appellant understood the waiver. Having reviewed this transcript and the written waiver duly filed with the record, we find the trial court complied with the requirements of R.C. 2945.05, Pless, andLomax. The first assignment of error is not well-taken.
 {¶ 10} Next, appellant claims his trial counsel was ineffective so as to deprive him of the Sixth Amendment right to counsel. In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus. In Ohio, licensed attorneys are presumed competent. State v. Smith (1985), 17 Ohio St.3d 98, 100, citingVaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. *Page 5 
 {¶ 11} First, we dispose of appellant's contentions that his counsel was ineffective for stipulating to the admissibility of a crime laboratory report and the admissibility of a pipe fashioned for smoking crack cocaine. Appellant had been indicted and tried for possession of crack cocaine, a felony of the fifth degree, but the trial court acquitted him of this charge. Therefore, appellant suffered no prejudice from the stipulations.
 {¶ 12} Appellant also contends that his counsel should have challenged, instead of stipulating to, the admissibility of a photo array used for identification by the theft victim; that his counsel should not have questioned appellant during his testimony regarding felony convictions greater than ten years old; and that his counsel never elicited testimony regarding the proof of ownership for the vehicle he was accused of stealing.
 {¶ 13} With respect to appellant's trial counsel's stipulations to the photo array, a stipulation constitutes evidence. A stipulation "`is, in truth, a substitute for evidence, in that it does away with the need for evidence.' 9 Wigmore, Evidence (Chadbourn Rev.1981) 821, Section 2588."State v. Turner, 105 Ohio St.3d 331, 2005-Ohio-1938, ¶ 40. The ineffectiveness of counsel's stipulations to evidence must be viewed in light of the amount and weight of the total evidence against the defendant. State v. Slagle (1992), 65 Ohio St.3d 597, 610 (in light of all evidence, murder defendant's counsel not ineffective for stipulating to admission that defendant caused victim's death by stabbing and stipulating to aggravated robbery); State v. Otte (1996),74 Ohio St.3d 555, 565 (in light of all evidence, murder defendant's counsel not ineffective for stipulating to identification of fingerprint found in victim's apartment); State v. Franklin, 97 Ohio St.3d 1, 2002-Ohio-5304, ¶ 43 *Page 6 
(stipulation to chain of custody identifying evidence defendant possessed at time of his arrest not prejudicial because jury would have considered weight of evidence regardless); State v. Ferguson,108 Ohio St.3d 451, 2006-Ohio-1502, ¶ 81 (stipulation to expert status of state's psychologist not prejudicial because stipulation "avoided the danger of reiterating the state's evidence"); State v. Davis, 116 Ohio St.3d 404,2008-Ohio-2, ¶ 347 (counsel's decision to enter into ten joint stipulations may have been a "tactical decision" to "portray an air of candor" and to prevent stream of witness testimony).
 {¶ 14} Unlike cases where a photo array is suggestive and the circumstances render the identification questionable, see, e.g.,State v. Conkright, 6th Dist. No. L-06-1107, 2007-Ohio-5315, here, appellant's identity was firmly established at trial by the victim of his theft, Williams. Williams had dealings with appellant several times prior to the theft. Although Williams did not know appellant's full name prior to the photo identification, he knew appellant well enough through mutual acquaintances for Williams to loan appellant his car. Appellant has not argued that the photo array was unduly suggestive and that, but for the photo array, Williams would not have been able to identify appellant. Moreover, appellant acknowledged his acquaintance with Williams during his testimony and admitted driving the Cadillac. Williams' testimony with respect to identification issues was definitive and certain, and appellant has pointed to no circumstances undermining the reliability of the identification. *Page 7 
 {¶ 15} The same reasoning applies to counsel's decision to refrain from questioning Williams regarding his ownership of the Cadillac. Williams testified in no uncertain terms that the Cadillac belonged to him; not requesting evidence of title was a legitimate trial strategy to avoid unduly repetitive testimony from an incriminating witness. Although their respective renditions of events differ, appellantadmitted that the Cadillac belonged to Williams and he alternatively said that Williams did and did not demand the Cadillac's return. The performance of trial counsel does not fall below "an objective standard of reasonable representation" for failing to "raise meritless issues or even all arguable meritorious issues." State v. Taylor (1997),78 Ohio St.3d 15, 31.
 {¶ 16} Counsel was also not ineffective for questioning appellant about his prior criminal record. At the very beginning of appellant's direct testimony, counsel asked him in general terms about his prior criminal record. Appellant answered that he had been incarcerated in 1992 for "drug trafficking," but that he had no convictions since then. Again, this question was a reasonable tactical decision to show honesty regarding appellant's past and to show that appellant was not a recidivist.
 {¶ 17} In sum, appellant has not shown that but for these tactical decisions of his trial counsel, a different result would have occurred in the case. State v. Bradley, supra. The trial record demonstrates that his counsel's representation was not deficient, and his second assignment of error is not well-taken.
 {¶ 18} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 8 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., concur. *Page 1