OPINION
{¶ 1} Defendant-appellant, Pernell Harrison, appeals from a Mahoning County Common Pleas Court judgment convicting him of one count of murder with a firearm specification after a bench trial.
 {¶ 2} This case involves the shooting death of Ada Hill in her home on Oak Street in Youngstown. Appellant and Ada may have been married, and resided together at the Oak Street home along with their children. On November 7, 1998, while appellant was out, Charles Lightner, Britt Lightner, Tresa Lightner, and Curtis Cundiff stopped by to visit. According to Britt, soon after they arrived, Ada paged appellant to let him know she had visitors because she thought he might be upset that she had company in his absence. In fact, Britt testified that Ada told her, "* * * Pernell is gonna knock my head off because Charlie and [sic.] Curtis here." (Tr. 60). And Charles testified that Ada told him she needed to call appellant and tell him she had company because he would "bang her head off the wall." (Tr. 26). Appellant came home. He had a discussion with Ada and then left to pick up some beer. Appellant returned home shortly thereafter with the beer.
 {¶ 3} When appellant returned home, he changed the television channel from a movie the group was watching to a football game, and according to Charles, appellant and Ada got into an argument over it. Charles felt uncomfortable and wanted to leave. He went outside to wait for Britt. Appellant followed him outside. According to Charles, appellant told him, "[w]hen you come to somebody's house, you don't be whispering in somebody's house, disrespecting their house, whispering to their wife." (Tr. 33). Charles told appellant he was not whispering to Ada. Appellant retorted, "[t]hat's all right. I'm gonna take care of that bitch as soon as y'all leave." (Tr. 35).
 {¶ 4} Shortly before 8 o'clock everyone left except appellant and Ada. At 7:53 p.m., appellant called 911 to report Ada's shooting. He told the 911 operator he was cleaning his gun and it went off and shot Ada. Police arrived on the scene and found Ada lying on the floor in the basement with a gunshot wound to the chest. A .25 caliber pistol was on the couch next to her. Appellant went upstairs with Officer Doug Pesa. Appellant initially told Officer Pesa that he was reaching up to get money when the gun fell, hit the floor, and discharged. Ten minutes later, he changed his story telling Officer Pesa that he reached up and knocked the gun down. He then got into an argument with Ada about keeping the gun. Appellant then told Ada, "See; it isn't loaded." (Tr. 92). He then said he could not recall what happened after that.
 {¶ 5} A Mahoning County Grand Jury indicted appellant on one count of murder, in violation of R.C. 2903.02(A)(B), with a firearm specification, in violation of R.C. 2941.145(A). The court originally scheduled appellant's case for a jury trial on January 27, 1999. Appellant requested a continuance of the jury trial. On January 21, 1999, appellant appeared in court with counsel and presented a signed waiver of speedy trial. The bottom of the speedy trial waiver stated, "* * * hereby waive my right to a jury trial on January 27, 1999, and agree to a continuance of the jury trial of the same." The court reset the trial for March 31, 1999. Appellant requested and the court granted several more continuances.
 {¶ 6} The case was assigned to a different judge due to a conflict. On September 20, 2001, the court set the case for a bench trial on December 19, 2001. The court's judgment entry stated, "all counsel agree that this case will be set for trial to court." (Sept. 20, 2001 Judgment Entry). The case eventually proceeded to a bench trial on June 24, 2002. The court found appellant guilty as charged. On July 17, 2002, the court sentenced appellant to 15 years to life for the murder conviction and three years for the firearm specification, to be served consecutively. Appellant filed a motion for a new trial, which the court denied on August 9, 2002. Appellant then filed his timely notice of appeal on September 6, 2002.
 {¶ 7} Appellant raises four assignments of error, the first of which states:
 {¶ 8} "The trial court erred in hearing this matter and lacked jurisdiction to try appellant for failure to strictly comply with ohio revised code 2945.05 and ohio rule of criminal procedure 23(a) as related to waiver of jury trial."
 {¶ 9} Appellant contends he never waived his right to a jury trial because the record fails to demonstrate strict compliance with R.C. 2945.05, which provides:
 {¶ 10} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I ____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 {¶ 11} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 12} Additionally, Crim.R. 23(A) provides:
 {¶ 13} "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney."
 {¶ 14} The right to a trial by jury is a fundamental right of a criminal defendant. Duncan v. Louisiana (1968), 391 U.S. 145,149, 88 S.Ct. 1444, 20 L.Ed.2d 491. It is protected by both the United States and Ohio Constitutions (Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *" and Article1, Section 10 of the Ohio Constitution provides, "[i]n any trial, in any court, the party accused shall be allowed * * * to have * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *"). Every reasonable presumption must be made against the waiver of a right deemed so valuable as to be protected by the Constitution, such as the right to trial by jury. State v. Johnson (1992),81 Ohio App.3d 482, 488, citing Simmons v. State (1906),75 Ohio St. 346, 352. An accused may waive the right to jury trial and submit to a trial by the court, but only when very specific strict procedures are followed. State v. Harris (1991),73 Ohio App.3d 57, 64.
 {¶ 15} The document that plaintiff-appellee, the State of Ohio, asserts is appellant's written waiver of jury trial states, in its entirety:
 {¶ 16} "I, Pernell Harrison, the above named defendant, being represented by counsel and having been advised of my constitutional and statutory right to a speedy trial under theSixth Amendment of the United States Constitution; underArticle One, Section 10, of the Constitution of Ohio; and under Sections 2945.71, 2945.72, and 2945.73, Ohio Rev. Code,
and Superintendence Rule 8(B), hereby waive my right to a jury trial on January 27, 1999, and agree to a continuance of the jury trial of the same." (Emphasis sic.)
 {¶ 17} This document, titled "WAIVER OF SPEEDY TRIAL," is signed by appellant and his counsel and was filed both on January 21 and again on January 25, 1999. The Revised Code sections the document refers to deal solely with speedy trial issues.
 {¶ 18} Appellee also points us to the brief colloquy between it, appellant's counsel, and the court preceding trial as follows:
 {¶ 19} "THE COURT: * * * Defendant having previously waived his right in writing to waiver of jury trial.
 {¶ 20} "MR. DUNLAP [appellant's counsel]: If you have one, we can sign it so we can move on, Your Honor.
 {¶ 21} "THE COURT: Gentlemen, I know there's a written waiver of right to jury trial in the file, but it isn't appearing here now. Do either of you have a copy of it?
 {¶ 22} "MR. DUNLAP: No, sir, I don't.
 {¶ 23} "THE COURT: The Court reviewed the file last week and had it.
 {¶ 24} "MR. MAILLIS [appellee's counsel]: I have it, Your Honor. I have a copy of it.
 {¶ 25} "THE COURT: You have a copy?
 {¶ 26} "MR. MAILLIS: Yes. I had to go through my documents. Sorry. The document reflects the written waiver of his right to jury trial. This is a waiver of right to speedy trial.
 {¶ 27} "THE COURT: Jury waiver.
 {¶ 28} "MR. MAILLIS: I think it's at the end, Judge. * * *
 {¶ 29} "* * *
 {¶ 30} "MR. MAILLIS: Oh, okay. Properly executed January 25th, 1999. Do you have a copy of it now, Mr. Dunlap?
 {¶ 31} "MR. DUNLAP: Yes.
 {¶ 32} "THE COURT: Gentlemen, are you prepared to proceed at this time?
 {¶ 33} "MR. MAILLIS: I am, Your Honor.
 {¶ 34} "MR. DUNLAP: Yes, Your Honor." (Tr. 11-12).
 {¶ 35} Appellee notes that appellant's counsel was ready to execute another jury trial waiver on the spot if necessary. It further argues that we should not disregard appellant's obvious intention to waive his right to a jury and proceed with a bench trial.
 {¶ 36} In a criminal case where the defendant elects to waive the right to a jury trial, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action, and made part of the record. State v. Pless
(1996), 74 Ohio St.3d 333, at paragraph one of the syllabus. Strict compliance with R.C. 2945.05 is necessary for a waiver of the right to a jury trial. State ex rel. Jackson v. Dallman
(1994), 70 Ohio St.3d 261, 262. If the record does not demonstrate strict compliance, the trial court is without jurisdiction to try the defendant without a jury. Id.; Pless,
74 Ohio St.3d at paragraph one of the syllabus.
 {¶ 37} In this case, there was not strict compliance with R.C. 2945.05. The document in which appellee purports appellant waived his jury trial right is deficient because it fails to comply in substance with the language set out in the statute. R.C. 2945.05 requires that the waiver form state, in substance, that the defendant (1) voluntarily waives and relinquishes his/her right to a jury trial, (2) elects to be tried by a judge, and (3) understands that under the laws of Ohio, he/she has a constitutional right to a jury trial. The form appellee relies on includes none of this information. It contains only that information needed to make a knowing and voluntary waiver of speedy trial rights. The only reference to a jury trial is, "I * * * hereby waive my right to a jury trial on January 27, 1999, and agree to a continuance of the jury trial of the same." (Emphasis added). This language cannot be construed as waiving the right to trial by jury. Additionally, the form is ambiguous. It purports to waive appellant's right to a jury trial, yet in the same sentence states that appellant agrees to continue his jury trial.
 {¶ 38} And the trial court's judgment entry acknowledging the waiver form indicates that appellant waived only his speedy trial rights. The court's January 21, 1999 judgment entry states that appellant and his counsel appeared in open court and presented the waiver of right to speedy trial. The court makes no mention that appellant waived his right to a jury trial.
 {¶ 39} Furthermore, numerous motions and judgment entries filed after this alleged waiver still refer to appellant's jury trial. For instance, appellant's March 16, 1999 Motion for Continuance states, in part, "* * * the defendant * * * respectfully petitions the court to continue the jury trial
scheduled for Wednesday, March 31, 1999." (Emphasis sic.) The court's March 30, 1999 judgment entry in response states, "IT IS ORDERED THAT THE JURY TRIAL BE RESCHEDULED ON THE 2ND DAY OF June, 1999." (Emphasis added.) Again, on May 28, 1999, appellant filed a Motion for Continuance requesting that the court "continue the jury trial scheduled for Wednesday, June2, 1999." (Emphasis sic.) And again, the court's judgment entry in response, dated June 3, 1999, states in part, "The jurytrial in this matter shall be reset for August 11, 1999 at 1:30 pm." (Emphasis added.) Upon motions of the parties and continuances, the court additionally refers to appellant's jurytrial in its judgment entries of January 14, 2000; September 22, 2000; January 25, 2001; February 21, 2001; June 13, 2001; and June 23, 2001.
 {¶ 40} On August 9, 2001, the trial judge recused himself from this case because appellant's counsel was also representing the judge in a personal matter. The case was reassigned to another judge. The new judge's first judgment entry in the case, filed September 20, 2001, is the first time we see a reference to a bench trial. The entry states that all counsel agreed that this case would be set for "TRIAL TO COURT." Thereafter, a May 14, 2002 Motion for Continuance by appellant requests that "the court * * * continue the jury trial scheduled for Thursday, May23, 2002" and requests the assignment office to contact counsel's office to "reschedule the jury trial." (Strikethrough and emphasis sic.)
 {¶ 41} These mixed filings and judgment entries further demonstrate that confusion existed as to whether appellant waived his right to a jury trial. Strict compliance with R.C. 2945.05
does not exist in this case. Therefore, appellant did not waive his right to a jury trial.
 {¶ 42} Appellee also argues that appellant cannot now argue his right to a jury trial was violated because this argument is barred by the doctrine of invited error. Under the doctrine of invited error, a party is not permitted to take advantage of an error that he invited or induced the trial court to make. Statev. Bey (1999), 85 Ohio St.3d 487, 493. Appellee points out that appellant and his counsel failed to object to proceeding with a bench trial. And appellant failed to raise this issue in his motion for a new trial.
 {¶ 43} While appellant may have contributed to the trial court's error, the mandates of R.C. 2945.05 control this situation. In Pless, the defendant signed a jury waiver form, but the form was never filed. One could argue that this too was invited error because appellant's counsel failed to ensure the waiver form was properly filed. However, that did not stop the supreme court from reversing the defendant's conviction for failure to strictly comply with R.C. 2945.05. And in State v.Johnson (1992), 81 Ohio App.3d 482, 488-89, the Tenth District found that the doctrine of invited error did not apply in such a situation, even if the defendant purposely misled the trial court.
 {¶ 44} While it could seem that to reverse a murder conviction on what may be perceived as a technicality is unacceptable, we take guidance from the Ohio Supreme Court, which noted after reversing the defendant's conviction in Pless:
 {¶ 45} "We are aware that our decision today might not be well received. Appellant is a brutal killer and there is no question concerning his culpability * * *. However, the requirements of R.C. 2945.05 are clear and unambiguous, and we are constrained to enforce the statute as written. If we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a `substantial compliance' interpretation." Pless,74 Ohio St.3d at 340.
 {¶ 46} Accordingly, appellant's first assignment of error has merit.
 {¶ 47} Appellant's remaining assignments of error state:
 {¶ 48} "The trial court erred in admitting into evidence references to prior bad acts allegedly committed by appellant."
 {¶ 49} "The trial court sitting as trier of fact erred in hearing the proffer testimony of State of Ohio's properly excluded witness."
 {¶ 50} "Appellant was denied effective assistance of counsel guaranteed by the sixth and fourteenth amendments of the United States Constitution and the Ohio Constitution."
 {¶ 51} Given the merit of appellant's first assignment of error, these remaining assignments of error are moot.
 {¶ 52} For the reasons stated above, the trial court's judgment is hereby reversed and remanded for a new trial. On remand, appellant has the right to a jury trial unless he waives that right and there is strict compliance with R.C. 2945.05.
Waite, P.J., and DeGenaro, J., concurs.