[Cite as *State v. Howell*, 2017-Ohio-7182.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160679 |
| | | C-160680 |
| Plaintiff-Appellee, | : | TRIAL NOS. 16TRC-19018B |
| | | 16TRC-19018A |
| vs. | : | |
| | | *O P I N I O N.* |
| JUSTIN HOWELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  August 11, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Defendant-appellant Justin Howell appeals his convictions, following a bench trial, for operating a vehicle while under the influence of alcohol ("OVI") and driving under a Financial Responsibility Act ("FRA") suspension.  Because Howell failed to execute a written waiver of his previously filed jury demand, we reverse his conviction for OVI.  We otherwise affirm the trial court's judgments.

### Factual and Procedural Background

{¶2}   On April 29, 2016, at approximately 2:00 a.m., a motorist called 911 to report that he was witnessing a vehicle being driven erratically.  The vehicle had traveled the wrong way on an interstate and had nearly struck a building.  The caller provided the license plate number of the vehicle and continued to follow it to provide the 911 operator with its current location.

{¶3}   After receiving a dispatch about the erratically-driven vehicle, Cincinnati Police Officer Carl Beebe intercepted the vehicle after confirming that its license plate matched the license plate that had been provided to the 911 operator.  Howell was the driver of the stopped vehicle.  Officer Beebe approached Howell in the vehicle and twice asked him to produce his driver's license.  Howell first handed the officer his passport and then his insurance card.  Howell never produced his driver's license, but fumbled with his wallet and dropped other cards onto the floor while searching for it.  Officer Beebe noticed a strong odor of alcohol emanating from Howell's vehicle.

{¶4} Officer Beebe used Howell's passport to look up his driving status, and he found that Howell's driver's license was suspended under a noncompliance suspension.

{¶5} As he interacted with Howell, Officer Beebe noticed that Howell's eyes were bloodshot and that he was slurring his words. After Howell exited from his vehicle, Officer Beebe smelled a strong odor of alcohol coming from Howell himself. Howell first stated that he had consumed one alcoholic drink earlier in the evening, but later stated that he had consumed two drinks approximately an hour and a half earlier.

{¶6} Howell initially consented to field-sobriety testing, but stopped the testing after only a portion of one test had been performed. Officer Beebe placed Howell under arrest and transported him to a police station.

{¶7} Howell was charged with OVI, a first-degree misdemeanor, and driving under an FRA suspension, an unclassified misdemeanor. On July 6, 2016, Howell filed a written jury demand. On July 11, 2016, Howell appeared with his counsel for a pretrial hearing, where his counsel requested that the case be set for a bench trial. Howell was tried before the bench and convicted of both OVI and driving under an FRA suspension.

{¶8} He now appeals, raising three assignments of error for our review.

### *Failure to Obtain Jury Waiver*

{¶9} In his first assignment of error, Howell argues that in the absence of a valid jury waiver, the trial court was without jurisdiction to conduct a bench trial for the offense of OVI after Howell had demanded a jury trial.

{¶10} Howell was charged with OVI in violation of R.C. 4511.19(A)(1)(a). As a first-degree misdemeanor punishable by not more than 180 days' imprisonment, the charged violation was a petty offense. R.C. 2929.24; Crim.R. 2(C) and (D). R.C. 2945.17 accorded Howell the right to a jury trial for this offense, but, because it was a petty offense, he had to file a timely written demand for a jury trial to secure that right. *State v. Tate*, 59 Ohio St.2d 50, 52, 391 N.E.2d 738 (1979); Crim.R. 23(A).

{¶11} Howell filed a timely written jury demand. Consequently, he could not be tried without a jury unless he filed a written waiver of the jury demand in accordance with R.C. 2945.05. *Id.* at syllabus. R.C. 2945.05 provides that a waiver of the right to a jury trial must "be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." It further provides that the waiver must be made in open court. R.C. 2945.05. Both parties agree, and the record demonstrates, that Howell never waived his jury demand.

{¶12} The city argues that Howell invited this error by requesting that his case be set for a bench trial after filing his jury demand. The invited-error doctrine provides that "a litigant may not 'take advantage of an error which he himself invited or induced.' " *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. The city's argument is without merit. The law is clear that, absent strict compliance with R.C. 2945.05, a waiver of a jury demand is not effective. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus. Application of the invited-error doctrine would circumvent R.C. 2945.05, and we decline to apply the doctrine in this situation.

{¶13} The city further argues that Howell's jury demand failed to comply with the rules of criminal and civil procedure because of errors in the demand's certificate of service. This argument is likewise without merit. Crim.R. 23(A) provides that a jury demand "must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of the notice of the date set for trial, whichever is later." Howell complied with Crim.R. 23 when filing his jury demand, and we will not find the demand ineffective because of potential errors with the certificate of service.

{¶14} Because there was no filed written waiver of Howell's jury demand, the trial court was without jurisdiction to try him for the offense of OVI without a jury. *See Pless* at paragraph one of the syllabus. Howell's conviction for OVI must be reversed and the cause remanded for a new trial.

{¶15} The trial court did not err in conducting a bench trial with respect to the offense of driving under an FRA suspension. As an unclassified misdemeanor, Howell was not subject to a term of imprisonment if convicted of this offense, and he faced a maximum fine of one thousand dollars. R.C. 4510.16(D). There is no right to a jury trial for offenses "for which the potential penalty does not include the possibility of a prison term or jail term and for which the possible fine does not exceed one thousand dollars." R.C. 2945.17(B)(2). Howell did not have the right to a jury trial for the offense of driving under an FRA suspension, and the trial court had jurisdiction to conduct a bench trial for this offense.

{¶16} Howell's first assignment of error is sustained. Our resolution of this assignment of error renders moot Howell's second assignment of error, in which he argues that his right to confront witnesses was violated.

### *FRA Suspension*

{¶17}  In his third assignment of error, Howell argues that his conviction for driving under an FRA suspension was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶18}  When reviewing the sufficiency of the evidence, this court may not weigh the evidence, but must view all evidence and reasonable inferences in the light most favorable to the prosecution to determine whether the trial court could have found the elements of the offense proven beyond a reasonable doubt.  *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶19}  When reviewing the manifest weight of the evidence, this court must review the entire record, weigh the evidence, and consider the credibility of the witnesses to determine whether the trial court lost its way and committed such a manifest miscarriage of justice in convicting Howell that his conviction must be reversed.  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶20} The trial court found Howell guilty of driving under an FRA suspension pursuant to R.C. 4510.16.  During trial, Officer Beebe testified that he had used Howell's passport to look up Howell's driving status with the Bureau of Motor Vehicles, and that Howell had been under a noncompliance suspension for the period of August 14, 2015, to August 14, 2016.  A certified copy of Howell's driving record was admitted into evidence.  Howell's driving record reflected this suspension.  Officer Beebe's testimony further established that Howell had operated a motor vehicle on April 29, 2016, during the period of suspension.

{¶21}  Howell argues that the only testimony connecting him to the driving record was that the name, date of birth, and social security number on the record

matched the name, date of birth, and social security number on the ticket that he had been issued. Following our review of the record, we find that there was sufficient evidence to connect Howell to the driving record admitted into evidence. Officer Beebe testified that he had used information on Howell's passport to look up Howell's driving record. Further, Howell admitted in his own testimony that he had been under a driving suspension when he was stopped by Officer Beebe.

{¶22} Howell's conviction for driving under an FRA suspension was supported by sufficient evidence and was not against the manifest weight of the evidence. The third assignment of error is overruled.

{¶23} We affirm the trial court's judgment convicting Howell of driving under an FRA suspension. But because Howell was tried to the bench without filing a written waiver of his jury demand, his conviction for OVI is reversed and the cause is remanded for a new trial.

Judgment accordingly.

**CUNNINGHAM, P.J.**, and **ZAYAS, J.**, concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.