[Cite as *State v. Vanfossen*, 2022-Ohio-4022.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### CARROLL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRUCE A. VANFOSSEN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CA 0953**

---

Criminal Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2021 CR 06572

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed, Vacated, and Remanded

---

*Atty. Steven D. Barnett*, Carroll County Prosecutor and *Atty. Michael J. Roth, Assistant Prosecutor,* 7 East Main Street, Carrollton, Ohio 44615 for Plaintiff-Appellee and

*Atty. Jeffrey Jakmides, Atty. Julie Jakmides Mack*, 325 East Main Street, Alliance, Ohio 44601 for Defendant-Appellant.

Dated:
October 27, 2022

---

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Bruce VanFossen, appeals from a Carroll County Common Pleas Court judgment convicting him of four counts of gross sexual imposition following a bench trial.

{¶2} On May 25, 2020, a Memorial Day party was held in Carroll County. K.T., who was 11 years old at the time, and H.T., who was 15 years old at the time, attended the party with their sister R.T., their father, their stepmother, and H.T.'s friend J.C. The partygoers were all friends and their families. Appellant was at the party with his wife and her children. During the party, people went "mudding" by driving vehicles off-road through large mud puddles.

{¶3} During one of these mudding runs, K.T. was in the backseat of a vehicle next to appellant. K.T. alleged that while they were mudding, appellant put his hand inside of her tank top and sports bra and touched her breast and then touched her thigh. H.T. alleged that during another of the mudding runs, she was seated in the backseat of a vehicle next to appellant and he moved his hand from her shoulder and into her shirt. H.T. then crossed her arms to prevent appellant from putting his hand onto her breast. Later that night, the girls told each other and their other sister what had happened. They then told their father and stepmother. An argument ensued among the adults and the sheriff's department was called.

{¶4} A.D. is appellant's stepdaughter. She was also at the Memorial Day party. A.D. goes to school with H.T. and K.T. She heard about the allegations at the party but did not witness anything. Later, A.D. disclosed to her counselor that appellant had touched her inappropriately. Specifically, A.D. alleged that appellant touched her on three different occasions. A.D. reported that: appellant had put his hand down her pants while she was alone with him in his truck; appellant put his hand under her shirt and touched her breast while they were sitting on the couch; and appellant again put his hand under her shirt and touched her breast when she had fallen asleep watching television.

{¶5} On January 6, 2021, a Carroll County Grand Jury indicted appellant on four counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4), and one count of sexual imposition, a third-degree misdemeanor in violation of R.C. 2907.06(A)(4). Appellant entered a not guilty plea.

{¶6}   The matter was initially set for a jury trial.  But three days before trial was set to commence, appellant filed a written waiver of jury trial.

{¶7}   The matter proceeded to a bench trial on August 16 and 17, 2021.  The trial court found appellant guilty of the four counts of gross sexual imposition but not guilty of the single count of sexual imposition.  It then set the matter for a sentencing hearing.

{¶8}   At the August 23, 2021 sentencing hearing, the court sentenced appellant to 24 months in prison on each of the four counts to be served consecutively for a total sentence of 96 months.  The court also classified appellant as a Tier II Sexually Oriented Offender.

{¶9}   Appellant filed a timely notice of appeal on September 16, 2021.  He now raises three assignments of error.

{¶10}   Appellant's first assignment of error states:

DEFENDANT BRUCE VANFOSSEN WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION WHEN AN INVALID WAIVER OF JURY TRIAL WAS ACCEPTED BY THE COURT.

{¶11}   Appellant argues the trial court failed to properly ensure in open court that he was waiving his right to a jury trial.  He points out that the entire conversation regarding the waiver of his right to a jury trial was between his counsel and the court.  He claims the trial court was required to, and failed to, address him personally to confirm that he in fact wished to waive his right to a jury trial.

{¶12}   The Sixth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution provide criminal defendants with the right to a jury trial.  Crim.R. 23(A) provides that "[i]n serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury."

{¶13}   R.C. 2945.05 addresses the manner of the waiver of the right to a jury trial:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

**{¶14}** Thus, pursuant to the statute, the waiver must be made both in writing and in open court.

**{¶15}** In addressing what constitutes a valid waiver, the Ohio Supreme Court has construed R.C. 2945.05 to require that five conditions be met in order for a waiver to be validly imposed.

The waiver must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. See *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 9. Trial courts must strictly comply with the requirements of R.C. 2945.05. *State v. Pless* (1996), 74 Ohio St.3d 333, 337, 339, 658 N.E.2d 766; *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 262, 638 N.E.2d 563. "*In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury.*" *Pless* at 337, 658 N.E.2d 766.

(Emphasis added); *State v. Sanders*, 188 Ohio App.3d 452, 2010-Ohio-3433, 935 N.E.2d 905 (10th Dist.), ¶ 11.

Case No. 21 CA 0953

{¶16}   In this case, appellant signed a Notice to the Court stating that he was waiving his right to a jury trial and wished to proceed to a bench trial.  (August 13, 2021 DEFENDANT'S NOTICE TO THE COURT).  This notice also provided that appellant was waiving "his right to a jury trial of his own free will, not under duress, and had had all of his questions answered regarding this."  (August 13, 2021 DEFENDANT'S NOTICE TO THE COURT).

{¶17}   There is no dispute that appellant signed a written jury waiver and that the written waiver was made part of the record by filing it in the trial court.  Thus, the trial court strictly complied with the first four conditions of R.C. 2945.05 and *Lomax*.  The dispute here is whether the trial court complied with the fifth condition.

{¶18}   The following colloquy took place between appellant's counsel and the court just prior to trial:

> THE COURT:   * * * Mr. Guinn [defense counsel] you have filed a Notice of and Intent to the Court, so please tell me about that?
>
> ATTY GUINN:  Thank you, Your Honor.  In conversation with my client and we had met last week about doing a bench trial or a jury trial.  After discussion, he's agreed to waive his right to a jury trial and would rather have a bench trial in this matter.  So, I filed that and he signed it.
>
> THE COURT:  Okay.  And he's done that through his own free will?
>
> ATTY GUINN:  Yes.  Yes, he has.
>
> THE COURT:  Not under duress or any other circumstances, it's just the type of trial he wants. Correct?
>
> ATTY GUINN:  Correct.  We discussed it and he agreed.  So. . .
>
> THE COURT:  Okay.  Very good.  Then that's what we will do.

(8/16/21 Tr. 3).

{¶19}   This was the extent of the discussion of appellant's waiver.  The trial court did not once address appellant on the issue.

Case No. 21 CA 0953

**{¶20}** The trial court need not engage in a lengthy colloquy with the defendant. For instance, in *Sanders*, the Tenth District found that when the trial court stated to the appellant in open court, "[I]t is my understanding that you have waived your right to a jury trial and would like to have the court decide this case," and the appellant replied, "yes", this satisfied the minimum requirements of R.C. 2945.05 and *Lomax.* 188 Ohio App.3d 452, at ¶ 13.

**{¶21}** But the court must address the defendant, however briefly, in open court and get a response in return.

**{¶22}** In *State v. Banks*, 10th Dist. Franklin No. 18AP-808, 2019-Ohio-5440, ¶ 24, the transcript did not reflect any colloquy between the court and the appellant regarding the waiver of jury trial. The transcript did contain numerous references to the appellant's waiver of a jury trial, but the record did not show that the trial court personally addressed appellant about the waiver. *Id.* Additionally, the transcript did not show that the appellant orally acknowledged, in open court, that he wished to waive the right to a jury trial. *Id.* The Tenth District found, that pursuant to Ohio Supreme Court case law, an oral acknowledgement by the defendant in open court that he or she wishes to waive the right to a jury trial is required in order to comply with the requirements of R.C. 2945.05 for the jury waiver to be valid. *Id.* at ¶ 25. Because the record in that case did not reveal any such acknowledgment by appellant, the appellate court found the trial court did not strictly comply with the requirements of R.C. 2945.05, and the jury waiver was invalid. *Id.* Thus, it concluded, the trial court did not have jurisdiction to conduct a bench trial on the charge. *Id.*

**{¶23}** And in *State v. Burnside*, 186 Ohio App.3d 733, 2010-Ohio-1235, 930 N.E.2d 372 (2d Dist.), the appellate court found that even though the trial court conducted a colloquy in-chambers with the appellant in which the trial court took care to ensure the appellant understood his right to a jury trial, understood the risk of having one person rather than a group of 12 determine the verdict, and made a knowing, intelligent, and voluntary waiver of his right to a jury trial, this did not satisfy the "in open court" requirement. The Second District stated:

> The right to a jury trial in a felony criminal case is a fundamental right. We
> are mindful that a defendant could "sandbag" the court, but the legislature

has concluded, and the Ohio Supreme Court has agreed, that a jury waiver (or at least its acknowledgment) must be in open court. In this particular case, we have no doubt that Burnside waived a jury and agreed to be tried by the court, but the "in open court" rule is prophylactic and designed to protect all defendants, not just this one. Considering that the written waiver need not be signed in open court and the trial court need not engage in an extensive discussion with a defendant, it is not difficult for a trial court to comply with the open-court requirement.

*Id.* at ¶ 73.

**{¶24}** In finding the trial court's brief conversation with the defendant regarding his waiver of the right to a jury trial to be sufficient, this court stated:

[T]he law simply requires there to be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged that he wishes to waive the right to a jury trial. *Lomax*, 114 Ohio St.3d 350 at ¶ 48-49. This does not require a specific reference to the written waiver. All that is necessary to satisfy the open court requirement of R.C. 2945.05 is for the defendant to inform the trial judge in open court that he was waiving his right to a jury trial.

*State v. Kelly*, 7th Dist. Mahoning No. 14 MA 100, 2015-Ohio-2588, ¶ 24.

**{¶25}** Finally, it should be noted that the fact that the defendant did not object to the court proceeding with a bench trial is of no consequence. *State v. Grier*, 2d Dist. Montgomery No. 23662, 2010-Ohio-5751, ¶ 15, citing *State v. Tate*, 59 Ohio St.2d 50, 53, 391 N.E.2d 738 (1979). "'Silent acquiescence to a bench trial is not sufficient to constitute a waiver of a defendant's right to a jury trial.'" *Id.*, quoting *Tate*, 59 Ohio St.2d at 53.

**{¶26}** Given the above, the trial court here erred in not addressing appellant in open court regarding his purported jury trial waiver. The court failed to strictly comply with R.C. 2945.05. In the absence of strict compliance with R.C. 2945.05, the trial court lacked jurisdiction to try appellant without a jury.

**{¶27}** Accordingly, appellant's first assignment of error has merit and is sustained.

**{¶28}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED BY NOT DECLARING A MISTRIAL WHEN COURTROOM SPECTATORS WERE SEEN MAKING COACHING GESTURES TO THE ALLEGED VICTIM AS SHE WAS TESTIFYING.

**{¶29}** Appellant's third assignment of error states:

THE JUDGMENT AND VERDICT OF THE TRIAL COURT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶30}** Given our resolution of appellant's first assignment of error, his second and third assignments of error are rendered moot.

**{¶31}** For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's conviction and sentence are vacated and this matter is remanded for a new trial.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 21 CA 0953

_____

For the reasons stated in the Opinion rendered herein, the first assignment of error is sustained. The second and the third assignments of error are moot. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is reversed and vacated.  We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**