[Cite as *State v. Barnhart*, 2023-Ohio-1916.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

PEGGY A. BARNHART, MICHAEL D. BARNHART

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CO 0014**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 CR 387

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed, Vacated and Remanded.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor and *Atty. Steven V. Yacovone,* Assistant Prosecuting Attorney, 135 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. William Kissinger,* 7631 South Avenue, Suite F, Youngstown, Ohio 44512, for Defendants-Appellants.

Dated: June 8, 2023

**D'APOLITO, P.J.**

{¶1}    Appellants, Peggy A. Barnhart and Michael D. Barnhart, appeal their convictions by the Columbiana Court of Common Pleas for one count each of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree, following a trial to the bench.[1]    Appellants advance two assignments of error. First, they assert their convictions should be reversed because the waiver of jury trial entry filed by their trial counsel was not signed by Appellants.  Second, they contend that the verdicts are against the manifest weight of the evidence.

{¶2}    Because the trial court did not strictly comply with the statutory waiver requirements, the trial court was without jurisdiction to try Appellants without a jury. Therefore, the judgment of the trial court is reversed, Appellants' convictions are vacated, and this matter is remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

{¶3}    At a status conference on October 8, 2021, Appellants' trial counsel stated, "Your Honor, at this time, we will withdraw our right to a jury, and we will try that matter to the bench."  (10/8/21 Hrg., p. 5.)  The trial court responded, "Would you put that in a written motion?"  Appellant's trial counsel replied, "I would be happy to." The trial court responded, "would prefer it that way."  Although Appellants were present, they did not voice their waiver.

{¶4}    As a consequence, a pleading captioned, "WAIVER OF RIGHT TO TRIAL BY JURY," was filed on behalf of Appellants on October 18, 2021. It reads, in pertinent part:

> Now comes the Defendants, Peggy A. Barnhart and Michael D. Barnhart,
> by and through undersigned counsel, who respectfully waive their right to

---

[1] Appellants were charged under separate case numbers, 2020 CR 387 and 388, and the cases were assigned to different trial judges.  On April 29, 2021, the state filed a pleading captioned "State's Request to Join Multiple Defendants in a Single Indictment" in both cases.  Appellants did not file a response.  The trial judge in 2020 CR 388 deferred ruling on the motion to the trial judge assigned to the lower-numbered case.  On May 10, 2021, the trial court in 2020 CR 387 sustained the state's motion, transferred 2020 CR 388 to her docket, and joined the two cases "as a single indictment."

trial by jury and consent to trial before the bench in the above captioned matter.

**{¶5}** The pleading is electronically signed by Appellants' trial counsel, but does not bear Appellants' signatures. The pleading indicates that a copy was forwarded to the state.

**{¶6}** The trial court conducted the bench trial on December 21, 2021. The trial court issued a judgment entry on February 15, 2022 finding both Appellants guilty of the sole count in the single indictment.

**{¶7}** At the sentencing hearing on March 18, 2022, Appellants' trial counsel challenged the efficacy of the waiver. The trial court continued the sentencing hearing to May 16, 2022 in order to allow the parties to brief the issue. The state asserted the invited error doctrine, that is, Appellants' trial court either intentionally or inadvertently failed to produce a statutorily-compliant waiver.

**{¶8}** In a judgment entry dated May 17, 2022, the trial court imposed a thirty-day term of incarceration in the county jail, followed by four years of probation, for each Appellant. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED WHEN IT TRIED THE DEFENDANTS WITHOUT THEIR SIGNATURES AFFIXED TO THE JURY TRIAL WAIVER.**

**{¶9}** The Sixth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution provide criminal defendants with the right to a jury trial. Five conditions must be met in order for a waiver of a defendant's constitutional right to a jury trial to be effective:

> The waiver must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. See *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 9.

*State v. VanFossen*, 7th Dist. Carroll No. 21 CA 0953, 2022-Ohio-4022, 199 N.E.3d 716, ¶ 15.

**{¶10}** The requirements for waiver of a jury trial in Ohio are addressed by both criminal rule and statute. "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury." Crim.R. 23(A). More specifically, R.C. 2945.05, captioned "Defendant may waive jury trial," reads in its entirety:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

**{¶11}** The waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. The waiver may be withdrawn by the defendant at any time before the commencement of the trial.

**{¶12}** The trial court need not engage in a lengthy colloquy with the defendant. For instance, in *State v. Sanders*, 188 Ohio App.3d 452, 2010-Ohio-3433, 935 N.E.2d 905 (10th Dist.), the trial court stated to the defendant in open court, "it is my understanding that you have waived your right to a jury trial and would like to have the court decide this case," and the defendant replied, "yes." The Tenth District concluded that the foregoing exchange satisfied the minimum requirements of R.C. 2945.05 and *Lomax. Id.* at ¶ 13.

**{¶13}** Trial courts must strictly comply with the requirements of R.C. 2945.05. *State v. Pless* (1996), 74 Ohio St.3d 333, 337, 339, 658 N.E.2d 766; *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 262, 638 N.E.2d 563. "In the absence of strict

compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *Pless* at 337, 74 Ohio St.3d 333, 658 N.E.2d 766.

{¶14} Further, pursuant to *Pless* and the cases reviewed therein, a defendant can neither waive nor invite the error. See *Pless*, 74 Ohio St.3d 333. We have likewise held that invited error is not a valid argument by the state to circumvent strict compliance with R.C. 2945.05. *State v. Croom*, 7th Dist. Mahoning No. 12 MA 54, 2013-Ohio-5682, ¶ 126-131; *State v. Harrison*, 7th Dist. Mahoning No. 02CA157, 2004-Ohio-2933, ¶ 41-43.

{¶15} Prior to the bench trial in this case, there was no signed waiver from Appellants and no acknowledgement in open court by Appellants regarding the waiver of their constitutional right to a jury trial. Accordingly, we find that the first assignment of error has merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED AS THE CASE WAS TRIED TO THE BENCH AND THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶16} Based on our resolution of the first assignment of error, we find that Appellants' second assignment of error is moot.

## CONCLUSION

{¶17} For the foregoing reasons, the judgment of the trial court is reversed, Appellants' convictions are vacated, and this matter is remanded for further proceedings.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 22 CO 0014

---

For the reasons stated in the Opinion rendered herein, the first assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is reversed and Appellants' convictions are vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**