[Cite as *Parma v. Young*, 2026-Ohio-1651.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF PARMA,                             :

    Plaintiff-Appellee,         :

                                              No. 115493

    v.                               :

PATRICIA L. YOUNG,                        :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2026

Criminal Appeal from the Parma Municipal Court
Case No. 24CRB03109

***Appearances:***

Holland & Muirden, J. Jeffrey Holland, and Rita Flanagan, *for appellee.*

Michela Huth, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant Patricia Young ("Young") appeals her convictions for charges relating to the mistreatment of companion animals. She raises three assignments of error:

> 1. The trial court erred and abused its discretion by forcing Appellant to represent herself at trial and by refusing to appoint counsel to

represent appellant thereby depriving appellant of her right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article 1 of the Ohio Constitution; and Crim. R. 44.

2. The trial court abused its discretion when it failed to afford Appellant a trial by jury.

3. The trial court erred and abused its discretion when it ordered Appellant to be monitored during a bathroom break to ensure that she did not leave the building during the trial.

{¶ 2} After a thorough review of the applicable law and facts, we find that Young made a timely jury demand and therefore, the court lacked jurisdiction to try her case as a bench trial. We sustain the second assignment of error, vacate Young's convictions, and remand this matter to the trial court for a new trial.

## I. Procedural History[1]

{¶ 3} Young was charged with five violations of prohibitions concerning companion animals in violation of R.C. 959.131(D)(1) and 959.131(D)(2). Young was represented by counsel, and a pretrial was held. At the pretrial, Young's attorney indicated that the matter would proceed as a bench trial.

{¶ 4} The matter was set for trial on April 21, 2025. On the day trial was scheduled, Young's counsel requested another pretrial and notified the court that Young was seeking new counsel. The trial was continued to May 27, 2025.

{¶ 5} On April 23, 2025, two new attorneys entered notices of appearance on behalf of Young and submitted a jury demand.

---

[1] The substantive facts of this matter are not relevant to the resolution of this appeal.

{¶ 6} On May 27, 2025, the day of the rescheduled trial, the parties appeared and Young sought an additional continuance. The trial was rescheduled for July 15, 2025.

{¶ 7} On June 30, 2025, Young's counsel filed a motion to withdraw, stating that they were no longer able to agree with Young on trial strategy and that Young had told them that she no longer wished to be represented by them. The trial court granted the motion to withdraw the following day.

{¶ 8} Young did not file any additional motions or pleadings between the time of her second counsel's withdrawal and the July trial date.

{¶ 9} On the day of trial, Young appeared and requested counsel. Young stated that she was entitled to a lawyer and requested one from the public defender's office. The trial court denied her request and refused to continue the trial for a third time.

{¶ 10} A bench trial was conducted; Young requested an attorney several times throughout the trial. The court reiterated that the case would not be continued again. At the conclusion of the trial, the court found Young guilty on all counts. She was sentenced and subsequently filed the instant appeal.

## II. Law and Analysis

{¶ 11} We will begin with Young's second assignment of error, because it is dispositive of this matter. Young argues that the trial court abused its discretion by conducting a bench trial even though she had filed a proper jury demand.

{¶ 12} The City argues that Young invited any error because the trial court referred to the upcoming "bench" trial on two separate occasions after Young had filed her jury demand, and Young did not take any action to correct the court. If this court were to not find invited error, though, the City concedes the error and acknowledges that this matter must be remanded for a jury trial.

{¶ 13} Crim.R. 23(A) provides, in pertinent part:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶ 14} Young's first counsel did not request a jury trial and indicated that the matter would proceed as a bench trial, which was scheduled for April 21, 2025. The trial was continued to May 27, 2025. After Young's first counsel withdrew, and her second counsel appeared in the action, she filed a jury demand on April 23, 2025.

{¶ 15} There is no dispute that Young's jury demand was timely filed. "The time limits set forth in Crim.R. 23(A) 'are to be computed with respect to the last scheduled trial date.'" *State v. Wilcoxson*, 2021-Ohio-4339, ¶ 30 (2d Dist.), quoting *Tallmadge v. De Graft-Biney*, 39 Ohio St.3d 300 (1988), syllabus. Consequently, "'a continuance of the trial will renew the time within which to file a jury demand.'" *Id.*, quoting *id*. Young's jury demand was filed over one month prior to the continued trial date.

{¶ 16} A criminal defendant's right to a jury trial is guaranteed in the Sixth and Fourteenth Amendments to the United States Constitution and Ohio Const., art, I, § 5 and 10. *State v. Burnside*, 2010-Ohio-1235, ¶ 45 (2d Dist.). R.C. 2945.05 sets forth the manner in which a defendant may waive his or her right to a jury trial:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
>
> Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶ 17} The Ohio Supreme Court has held that "'[a]bsent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury.'" *State v. Morris*, 2019-Ohio-3184, ¶ 35 (8th Dist.), quoting *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus; *State v. Orr*, 2014-Ohio-4680, ¶ 32 (8th Dist.); *see also State v. Anderson*, 2010-Ohio-5593, ¶ 14 (8th Dist.) ("A trial court's failure to comply with the requirements of R.C. 2945.05 results in 'a defect in the trial court's exercise of its jurisdiction.'"), quoting *State v. Franklin*, 2003-Ohio-2649, ¶ 7 (8th Dist.).

{¶ 18} Nothing in the record reflects that Young waived her right to a jury trial after her demand was filed. There was no signed written waiver in the case

record transmitted by the trial court. Following the submission of this matter on briefs, the City filed a motion to supplement the record with the purported jury waiver that it had only just received from the Parma Municipal Court. We granted the motion to supplement the record; however, it does not change the outcome of this case.

{¶ 19} The purported jury waiver does not comply with R.C. 2945.05. As noted above, the statute requires the waiver to contain language acknowledging a defendant's right to a jury trial and, most importantly, the waiver *must be signed by the defendant*. Here, the claimed waiver appears on a form entitled "Motion for Extension of Time for Trial and Request for Pretrial Conference." The form was seemingly adapted into a jury waiver by writing "Waive Jury Trial" into a blank space on the form. The document does not contain any language referring to the right to a jury trial and the specific voluntary waiver thereof. Further, the form was signed by Young's counsel of record at the time, but Young's signature does not appear on the document.

{¶ 20} Accordingly, the form submitted did not strictly comply with the statute and could not constitute a valid waiver of Young's right to a jury trial. The court therefore still lacked jurisdiction to try Young without a jury. *See State v. Butler*, 2010-Ohio-3414, ¶ 7 (8th Dist.), citing *Pless* at 337.

{¶ 21} Finally, the City's assertion that Young invited any error by not correcting the trial court is meritless. A defendant can neither waive nor invite an error regarding a jury demand. *State v. Barnhart*, 2023-Ohio-1916, ¶ 14 (7th Dist.),

citing *Pless*. "[I]nvited error is not a valid argument by the [City] to circumvent strict compliance with R.C. 2945.05." *Id.* at *id.,* citing *State v. Croom*, 2013-Ohio-5682, ¶ 131 (7th Dist.), and *State v. Harrison*, 2004-Ohio-2933, ¶ 41-43 (7th Dist.); *see also State v. Howell*, 2017-Ohio-7182, ¶ 12 (1st Dist.) ("Application of the invited-error doctrine would circumvent R.C. 2945.05, and we decline to apply the doctrine in this situation.").

{¶ 22} Young's second assignment of error is sustained. Our disposition of this assigned error renders her remaining assignments of error moot. *See* App.R. 12(A)(1)(c).

{¶ 23} Young's convictions are vacated. This matter is reversed and remanded to the trial court for a new trial. On remand, Young has the right to a jury trial unless she waives that right and the court strictly complies with R.C. 2945.05.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
KATHLEEN ANN KEOUGH, J., CONCUR